JUDITH CLARK MARTIN, STATE BAR NO. 173557
**LA FOLLETTE, JOHNSON,
DE HAAS, FESLER & AMES**
655 University Avenue, Suite 119
Sacramento, California 95825
Phone: (916) 563-3100
Facsimile: (916) 565-3704
Email: JCMartin@ljdfa.com

Attorneys for Defendant,
CATHOLIC HEALTHCARE WEST dba
MERCY GENERAL HOSPITAL (erroneously
sued and served herein as CATHOLIC HEALTHCARE
WEST and MERCY GENERAL HOSPITAL)

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ANI CHOPOURIAN,

    Plaintiff,

v.

CATHOLIC HEALTHCARE WEST,
MERCY GENERAL HOSPITAL, AND
DOES 1 through 20, inclusive,

    Defendants.

CASE NO. CV 09 3875 EMC

**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL**

TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA:

Defendant, CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL (hereinafter, CHW), (erroneously sued and served herein as CATHOLIC HEALTHCARE WEST and MERCY GENERAL HOSPITAL) respectfully submits this notice of removal.

**JURISDICTIONAL AND INTRODUCTORY STATEMENT**

CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL is being sued under federal and state law by former employee ANI CHOPOURIAN for alleged gender and national origin discrimination. Plaintiff filed her suit in the Superior Court for the County of San

1  Francisco, California. The complaint states causes of action arising under the laws of the United
2  States. Removal of those causes of action are proper pursuant to 28 USCS § 1441. The complaint
3  also alleges state law claims. The Federal Court has jurisdiction over the state law claims pursuant
4  to 28 USCS § 1367(a) because they are so related to the federal claims that they form part of the
5  same case or controversy. Therefore, this court has removal jurisdiction over this case and should
6  exercise that jurisdiction.

## STATEMENT OF FACTS

On July 29, 2009, plaintiff served CHW with a first amended complaint (FAC). Decl. JCM Ex. A. Decl. JCM, ¶ 4. Exhibit A to the Declaration of Judith Clark Martin constitutes all process, pleadings, and orders served upon defendant. Decl. JCM ¶ 5. Plaintiff filed an initial complaint on or about June 24, 2009. Decl. JCM Ex. B. The initial complaint was not served on CHW.

The FAC states claims under the following federal code sections: 42 USCS § 2000e (hostile work environment based on gender and national origin); 42 USC 1981 (national origin harassment and discrimination); and 42 USC § 2000e-3(a) and 42 USCS § 1981 (for retaliation). Decl. JCM Ex. A, pgs. 7, 8, 9. The state claims alleged are: wrongful termination in violation of public policy, intentional infliction of emotional distress (IIED, arising out of alleged gender or national origin discrimination); California Labor Code §§226.7 and 512 (failure to provide adequate meals and rest periods); interference with prospective economic advantage (termination allegedly calculated to interfere with future economic benefit); and defamation (alleged false communications regarding the reason for plaintiff's termination). Decl. JCM Ex. A, pgs. 10, 11, 12, 13, 14.

## LEGAL ANALYSIS

**A.  This Case Should be Removed to the Federal Court for the Northern District of California Because Plaintiff's Complaint Raises Federal Questions**

Catholic Healthcare West dba Mercy General Hospital has the right to remove this action to Federal Court. " [A]ny civil action brought in a State court of which the District Courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to

1  the district court of the United States for the district and division embracing the place where such
2  action is pending." 28 USCS § 1441(a). "The district courts shall have original jurisdiction of all
3  civil actions arising under the Constitution, laws, or treaties of the United States." 28 USCS §
4  1331. Here, plaintiff's case states claims arising under federal law. See Decl JCM Ex. A; see
5  causes of action one through four. Thus, the court has original jurisdiction over the action and
6  the case should be removed.

**B.  This Court Should Exercise Supplemental Jurisdiction over Plaintiff's State Law Causes of Action as They Arise out of the Same Case or Controversy**

The court has supplemental jurisdiction over plaintiff's state law causes of action. "[I]n any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy..." 28 USCS § 1367. Plaintiff's state law causes of action arise out of the same alleged events of gender and national origin discrimination as stated in the federal causes of action. Decl. JCM Ex. A, see causes of action five through nine. Plaintiff alleges gender and national origin harassment as a basis of the State law wrongful termination claim. Decl. JCM Ex. A, 11:1-2. Plaintiff's IIED claim is predicated on alleged gender and national origin discrimination. Decl. JCM Ex. A, 11:22-24. The remaining State law causes of action arise from alleged events surrounding plaintiff's termination. The proof required by plaintiff on the federal and state causes of action will involve substantially the same facts. Therefore, this court should exercise supplemental jurisdiction over plaintiff's state law claims.

**C.  Catholic Healthcare West dba Mercy General Hospital Has Complied with the Procedural Requirements for Removal.**

Catholic Healthcare West dba Mercy General Hospital is filing its notice in the proper court. "A defendant... desiring to remove any civil action... from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal." 28 USCS § 1446(a). Here, plaintiff served the operative complaint in the County of San Francisco, California. Decl. JCM, Ex. A. The Federal Court for

3

1    the Northern District of California includes San Francisco County. Therefore, the Federal Court
2    for the Northern District of California is the proper court in which to bring notice of removal.
3          Catholic Healthcare West dba Mercy General Hospital's notice of removal is timely. The
4    removal statute requires that "the notice of removal of a civil action or proceeding shall be filed
5    within thirty days after the receipt by the defendant, through service or otherwise, of a copy of
6    the initial pleading setting forth the claim for relief upon which such action or proceeding is
7    based . . . ." 28 USCS § 1446(b). The Supreme Court has clarified the meaning of the term
8    "through service or otherwise," by holding that the 30-day removal period does not begin to run
9    until a defendant is formally served with the complaint. *Murphy Brothers v. Michetti Pipe*
10   *Stringing*, Inc., 526 U.S. 344, 347-48 (1999) [involving a plaintiff who filed a complaint in state
11   court and faxed a courtesy copy of the filed complaint to the defendant but did not serve the
12   complaint until fourteen days later.] Here, plaintiff filed an original complaint on or about June
13   24, 2009. Yet, plaintiff did not effectuate service until July 29, 2009, when CHW was served
14   with the first amended compliant. Decl. JCM, ¶ 3. Therefore, this notice is timely because it
15   is served within thirty days of plaintiff's July 29, 2009 service.
16         Pursuant to 28 USCS § 1446(d), plaintiff and the Superior Court for the County of San
17   Francisco have been served with written notice of this filing. (See attached proof of service.)

## CONCLUSION

19   This court should exercise removal jurisdiction over the present case because plaintiff has
20   stated federal claims removable pursuant to 28 USCS § 1441(a). The court should take
21   jurisdiction of plaintiff's State law causes of action pursuant to 28 USCS § 1367 because the
22   allegations arise out of the same case or controversy. Finally, defendant, CHW, has complied
23   ///
24   ///
25   ///
26   ///
27   ///
28   ///

4

Notice of Removal (U.S. District Court)

1  with the procedural requirements for the notice of removal pursuant to 28 USCS 1446.

2  Dated: August 20, 2009

                                      LA FOLLETTE, JOHNSON,
                                      DE HAAS, FESLER & AMES

By: _____
JUDITH CLARK MARTIN
Attorneys for Defendant,
CATHOLIC HEALTHCARE WEST
dba MERCY GENERAL HOSPITAL
(erroneously sued and served herein as
CATHOLIC HEALTHCARE WEST
and MERCY GENERAL HOSPITAL)
655 University Avenue, Suite 119
Sacramento, CA 95825
(916) 563-3100
(916) 565-3704 Facsimile
Email: JCMartin@ljdfa.com

Notice of Removal (U.S. District Court)

# PROOF OF SERVICE

RE: **CHOPOURIAN v. CATHOLIC HEALTHCARE WEST, ET AL.**
United States District Court - Northern District of California Case No:

I am a citizen of the United States and a resident of the County of Sacramento. I am over the age of 18 years and not a party to the within above-entitled action; my business address is 655 University Avenue, Suite 119, Sacramento, California 95825.

I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California after the close of the day's business.

On August 21, 2009, I caused to be served the within document entitled:

**NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL**

[X]   **BY MAIL**: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed below:

| | |
|---|---|
| Leslie F. Levy<br>BOXER & GERSON, LLP<br>300 Frank H. Ogawa Plaza, Suite 500<br>Oakland, CA 94612<br>510-835-8870<br>510-835-0415 Fax<br>E-mail: courtmail@boxerlaw.com | W. Daniel Boone<br>WEINBERG, ROGER & ROSENFELD<br>1001 Marina Village Parkway, Ste. 200<br>Alameda, CA 94501<br>510-337-1001<br>510-337-1023  Fax |
| **Attorney for Plaintiff** | **Attorney for Plaintiff** |

Courtesy Copy
San Francisco Superior Court
400 McAllister Street
San Francisco, CA 94102

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Executed on August 21, 2009, at Sacramento, California.

Erika Arends

Notice of Removal (U.S. District Court)