1  JUDITH CLARK MARTIN, STATE BAR NO. 173557
   **LA FOLLETTE, JOHNSON,**
2  **DE HAAS, FESLER & AMES**
   655 University Avenue, Suite 119
3  Sacramento, California  95825
   Phone:       (916) 563-3100
4  Facsimile:   (916) 565-3704
   Email:       JCMartin@ljdfa.com
5
   Attorneys for Defendant,
6  CATHOLIC HEALTHCARE WEST dba
   MERCY GENERAL HOSPITAL (erroneously
7  sued and served herein as CATHOLIC HEALTHCARE
   WEST and MERCY GENERAL HOSPITAL)
8

9

10                 UNITED STATES DISTRICT COURT

11             NORTHERN DISTRICT OF CALIFORNIA          *EMC*

12

13  ANI CHOPOURIAN,                        )  CASE NO.   CV 09 3875
                                           )
14                 Plaintiff,              )  **NOTICE OF REMOVAL OF CIVIL**
                                           )  **ACTION BY DEFENDANT CATHOLIC**
15  v.                                     )  **HEALTHCARE WEST dba MERCY**
                                           )  **GENERAL HOSPITAL**
16  CATHOLIC  HEALTHCARE  WEST,)
    MERCY GENERAL HOSPITAL, AND  )
17  DOES 1 through 20, inclusive,          )
                                           )
18                 Defendants.             )
                                           )
19  _____)

20         TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR

21  THE NORTHERN DISTRICT OF CALIFORNIA:

22         Defendant, CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL

23  (hereinafter, CHW), (erroneously sued and served herein as CATHOLIC HEALTHCARE WEST

24  and MERCY GENERAL HOSPITAL) respectfully submits this notice of removal.

25              **JURISDICTIONAL AND INTRODUCTORY STATEMENT**

26         CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL is being sued

27  under federal and state law by former employee ANI CHOPOURIAN for alleged gender and

28  national origin discrimination.  Plaintiff filed her suit in the Superior Court for the County of San

                                              1

1  Francisco, California.  The complaint states causes of action arising under the laws of the United

2  States.  Removal of those causes of action are proper pursuant to 28 USCS § 1441.  The complaint

3  also alleges state law claims.  The Federal Court has jurisdiction over the state law claims pursuant

4  to 28 USCS § 1367(a) because they are so related to the federal claims that they form part of the

5  same case or controversy.  Therefore, this court has removal jurisdiction over this case and should

6  exercise that jurisdiction.

7  <center>**STATEMENT OF FACTS**</center>

8  On July 29, 2009, plaintiff served CHW with a first amended complaint (FAC).  Decl. JCM

9  Ex. A. Decl. JCM,  ¶ 4.  Exhibit A to the Declaration of Judith Clark Martin constitutes all

10  process, pleadings, and orders served upon defendant.  Decl. JCM ¶ 5.  Plaintiff filed an initial

11  complaint on or about June 24, 2009.  Decl. JCM Ex. B.  The initial complaint was not served on

12  CHW.

13  The FAC states claims under the following federal code sections: 42 USCS § 2000e (hostile

14  work environment based on gender and national origin); 42 USC 1981 (national origin harassment

15  and discrimination); and  42 USC § 2000e-3(a) and 42 USCS § 1981 (for retaliation).  Decl. JCM

16  Ex. A,  pgs. 7, 8, 9.  The state claims alleged are: wrongful termination in violation of public

17  policy, intentional infliction of emotional distress (IIED, arising out of alleged gender or national

18  origin discrimination); California Labor Code §§226.7 and 512 (failure to provide adequate meals

19  and rest periods); interference with prospective economic advantage (termination allegedly

20  calculated to interfere with future economic benefit); and defamation (alleged false

21  communications regarding the reason for plaintiff's termination).  Decl. JCM Ex. A, pgs. 10, 11,

22  12, 13, 14.

23  <center>**LEGAL ANALYSIS**</center>

24  **A.    This Case Should be Removed to the Federal Court for the Northern District of
       California Because Plaintiff's Complaint Raises Federal Questions**

25

26  Catholic Healthcare West dba Mercy General Hospital has the right to remove this action

27  to Federal Court. " [A]ny civil action brought in a State court of which the District Courts of the

28  United States have original jurisdiction, may be removed by the defendant or the defendants, to

<center>2</center>

1   the district court of the United States for the district and division embracing the place where such

2   action is pending." 28 USCS § 1441(a). "The district courts shall have original jurisdiction of all

3   civil actions arising under the Constitution, laws, or treaties of the United States." 28 USCS §

4   1331. Here, plaintiff's case states claims arising under federal law. See Decl JCM Ex. A; see

5   causes of action one through four.   Thus, the court has original jurisdiction over the action and

6   the case should be removed.

7   **B.     This Court Should Exercise Supplemental Jurisdiction over Plaintiff's State Law
            Causes of Action as They Arise out of the Same Case or Controversy**

8

9          The court has supplemental jurisdiction over plaintiff's state law causes of action.

10   "[I]n any civil action of which the district courts have original jurisdiction, the district courts

11   shall have supplemental jurisdiction over all other claims that are so related to claims in the

12   action within such original jurisdiction that they form part of the same case or controversy..."

13   28 USCS § 1367. Plaintiff's state law causes of action arise out of the same alleged events of

14   gender and national origin discrimination as stated in the federal causes of action. Decl. JCM

15   Ex. A, see causes of action five through nine.   Plaintiff alleges gender and national origin

16   harassment as a basis of the State  law  wrongful termination claim. Decl. JCM Ex. A, 11:1-2.

17    Plaintiff's IIED claim is predicated on alleged gender and national origin discrimination. Decl.

18   JCM Ex. A, 11:22-24.   The remaining State law causes of action arise from alleged events

19   surrounding plaintiff's termination.   The proof required by plaintiff on the federal and state

20   causes of action will involve substantially the same facts.   Therefore, this court should exercise

21   supplemental jurisdiction over plaintiff's state law claims.

22   **C.     Catholic Healthcare West dba Mercy General Hospital Has Complied with the
            Procedural Requirements for Removal.**

23

24          Catholic Healthcare West dba Mercy General Hospital is filing its notice in the proper

25   court. "A defendant... desiring to remove any civil action... from a State court shall file in the

26   district court of the United States for the district and division within which such action is

27   pending a notice of removal." 28 USCS § 1446(a).   Here, plaintiff served the operative

28   complaint in the County of San Francisco, California. Decl. JCM, Ex. A. The Federal Court for

1   the Northern District of California includes San Francisco County. Therefore, the Federal Court

2   for the Northern District of California is the proper court in which to bring notice of removal.

3        Catholic Healthcare West dba Mercy General Hospital's notice of removal is timely. The

4   removal statute requires that "the notice of removal of a civil action or proceeding shall be filed

5   within thirty days after the receipt by the defendant, through service or otherwise, of a copy of

6   the initial pleading setting forth the claim for relief upon which such action or proceeding is

7   based . . . ." 28 USCS § 1446(b). The Supreme Court has clarified the meaning of the term

8   "through service or otherwise," by holding that the 30-day removal period does not begin to run

9   until a defendant is formally served with the complaint. *Murphy Brothers v. Michetti Pipe*

10  *Stringing*, Inc., 526 U.S. 344, 347-48 (1999) [involving a plaintiff who filed a complaint in state

11  court and faxed a courtesy copy of the filed complaint to the defendant but did not serve the

12  complaint until fourteen days later.] Here, plaintiff filed an original complaint on or about June

13  24, 2009. Yet, plaintiff did not effectuate service until July 29, 2009, when CHW was served

14  with the first amended compliant. Decl. JCM, ¶ 3. Therefore, this notice is timely because it

15  is served within thirty days of plaintiff's July 29, 2009 service.

16       Pursuant to 28 USCS § 1446(d), plaintiff and the Superior Court for the County of San

17  Francisco have been served with written notice of this filing. (See attached proof of service.)

18  <div align="center">**CONCLUSION**</div>

19       This court should exercise removal jurisdiction over the present case because plaintiff has

20  stated federal claims removable pursuant to 28 USCS § 1441(a). The court should take

21  jurisdiction of plaintiff's State law causes of action pursuant to 28 USCS § 1367 because the

22  allegations arise out of the same case or controversy. Finally, defendant, CHW, has complied

23  ///

24  ///

25  ///

26  ///

27  ///

28  ///

Notice of Removal (U.S. District Court)

1 | with the procedural requirements for the notice of removal pursuant to 28 USCS 1446.

2 | Dated: August 20, 2009

LA FOLLETTE, JOHNSON,
DE HAAS, FESLER & AMES

By:

JUDITH CLARK MARTIN
Attorneys for Defendant,
CATHOLIC HEALTHCARE WEST
dba MERCY GENERAL HOSPITAL
(erroneously sued and served herein as
CATHOLIC HEALTHCARE WEST
and MERCY GENERAL HOSPITAL)
655 University Avenue, Suite 119
Sacramento, CA 95825
(916) 563-3100
(916) 565-3704 Facsimile
Email: JCMartin@ljdfa.com

5

1  **PROOF OF SERVICE**

2  RE:  **CHOPOURIAN v. CATHOLIC HEALTHCARE WEST, ET AL.**
   United States District Court - Northern District of California Case No:

3

4      I am a citizen of the United States and a resident of the County of Sacramento.  I am over the age of 18 years and not a party to the within above-entitled action; my business address is 655 University Avenue, Suite 119, Sacramento, California 95825.

5

6      I am familiar with this Company's practice whereby the mail, after being placed in a designated area, is given the appropriate postage and is deposited in a U.S. mailbox in the City of Sacramento, California after the close of the day's business.

7

       On August 21, 2009, I caused to be served the within document entitled:

8

9  **NOTICE OF REMOVAL OF CIVIL ACTION BY DEFENDANT CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL**

10 [X]  **BY MAIL**: I caused such envelope(s) with postage thereon fully prepaid to be placed in the United States mail at Sacramento, California to the offices of the addressee(s) listed
11 below:

12 Leslie F. Levy                                W. Daniel Boone
   BOXER & GERSON, LLP              WEINBERG, ROGER & ROSENFELD
13 300 Frank H. Ogawa Plaza, Suite 500     1001 Marina Village Parkway, Ste. 200
   Oakland, CA 94612                   Alameda, CA 94501
14 510-835-8870                          510-337-1001
   510-835-0415 Fax                   510-337-1023  Fax
15 E-mail: courtmail@boxerlaw.com

16 **Attorney for Plaintiff**                     **Attorney for Plaintiff**

17 Courtesy Copy
   San Francisco Superior Court
18 400 McAllister Street
   San Francisco, CA 94102
19

20     I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

21     Executed on August 21, 2009, at Sacramento, California.

22

23 Erika Arends

24

25

26

27

28

6