IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANI CHOPOURIAN,

      Plaintiff,                   No. 2:09-cv-02972-KJM-KJN

   vs.

CATHOLIC HEALTHCARE WEST,
et al.,

      Defendants.            ORDER

_____/

       On June 29, 2011, at the request of the parties, Magistrate Judge Kendall J. Newman presided over in an informal discovery conference .[1]  The conference took place in the jury room of Courtroom 25 and, by the parties' consent, occurred off-the-record.  Attorneys Mary Green and Judith Martin attended on behalf of the defendant.  Attorney Lawrence Bohm attended on behalf of the plaintiff.  For the reasons given to the parties during the informal conference, the court orders the following:

       1.      On June 30, 2011, at 9:00 a.m., plaintiff shall produce unredacted originals of all of plaintiff's documents containing Personal Health Information, for review by defense counsel in accordance with the court's prior order on this issue.  (See Dkt. No. 49.)  Defense

---

[1]  This action proceeds before the undersigned pursuant to Eastern District of California Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

counsel's review of these documents shall be videotaped, on mute and without audio.  The video recording shall be "zoomed out" enough so as not to reveal the specific contents of the documents being reviewed.  The videographer, a paralegal from plaintiff's office, shall not be present in the room during the review of the documents.

2.    Plaintiff has noticed a "person most knowledgeable" deposition covering various topics.  Because some future deponents may be the person most knowledgeable on some or all of these topics, defense counsel shall provide plaintiff's counsel with a letter parsing out which future deponent(s) is the person most knowledgeable regarding each topic.  This letter shall enable plaintiff to prepare his questioning for each deposition without the need for setting several depositions of the same individual.  Defendant's counsel shall provide this letter to plaintiff's counsel by **July 8, 2011.**

3.    During the informal discovery conference, plaintiff's counsel stated his intent to complete three depositions that were commenced but suspended.  Plaintiff stated that each of these three continued depositions could be completed in one day apiece.  Plaintiff's counsel also listed eight other individuals he seeks to depose, each for a half-day of testimony.  These eleven requested depositions shall proceed in accordance with plaintiff's representations regarding the length of depositions and the identity of plaintiff's intended deponents.  Future requests for additional depositions may require a showing of good cause.  All counsel are warned that last-minute cancellation of depositions should only occur for a very good reason, such as a death in the family.  If a last-minute cancellation occurs without good reason, the court will be inclined to find a waiver of the opportunity to take the deposition or award other appropriate sanctions.

4.    By noon on **June 30, 2011**, plaintiff's counsel must email defendant's counsel with dates he is unavailable to conduct depositions during the period between July 11, 2011, and the close of discovery on August 5, 2011.

////

2

5.      By close of business on **June 30, 2011**, defendant's counsel must email plaintiff's counsel and provide 12 to 14 dates that defense counsel has "blocked off" for depositions between July 11, 2011, and the close of discovery on August 5, 2011.  These blocked off dates shall not include dates plaintiff counsel is unavailable.

6.      The eleven depositions need not be taken in any particular order.  The eight depositions that plaintiff's counsel represented would take a half-day apiece may be "doubled up," with two half-day depositions set to occur on a single day.

7.      All depositions must be <u>scheduled by</u> close of business on **July 8, 2011.** All depositions must <u>occur between</u> **July 11, 2011, and August 5, 2011.**

8.      The first deposition shall occur on **July 11, 2011**.  The deposition shall occur in the jury room of Courtroom 25 and shall commence at 9 a.m.  The parties are to contact Judge Newman's courtroom deputy regarding questions they have about the logistics of this deposition's occurring in the jury room.  If necessary, Judge Newman will be available to resolve disputes arising during this deposition, and, if necessary, may sanction attorneys engaging in unprofessional conduct.

9.      As soon as defendant's counsel determines which individual(s) will be deposed on July 11, 2011, defendant's counsel shall inform plaintiff's counsel of that identity or identities.  At the latest, this information should be provided to plaintiff's counsel by noon on **July 7, 2011**.

10.      The parties are to have a signed protective order in place prior to **July 11, 2011**, to help alleviate various privacy concerns and so as to facilitate the timely completion of the above-described depositions by August 5, 2011.

IT IS SO ORDERED.

DATED:  June 30, 2011

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

3