1

2

3

4

5

6

7

8                          IN THE UNITED STATES DISTRICT COURT

9                        FOR THE EASTERN DISTRICT OF CALIFORNIA

10

11   ANI CHOPOURIAN,

12              Plaintiff,                        No. 2:09-cv-02972-KJM-KJN

13        vs.

14   CATHOLIC HEALTHCARE WEST,
     et al.,
15
               Defendants.                        <u>ORDER</u>
16
     _____/
17

18              On June 30, 2011, the undersigned ordered that a review of certain documents

19   "shall be videotaped, on mute and without audio," and ordered that "[t]he video recording shall

20   be 'zoomed out' enough so as not to reveal the specific contents of the documents being

21   reviewed."  (Dkt. No. 58.)

22              On July 1, 2011, counsel for defendant Catholic Healthcare West (the "defendant"

23   or "CHW")[1] delivered a sealed box to the court, without any pending motion or notice pertaining

24   ////

25   ////

26
     _____
        [1]  This action proceeds before the undersigned pursuant to Eastern District of California
     Local Rule 302(c)(1) and 28 U.S.C. § 636(b)(1).

1   thereto, which purportedly contained a video camera.[2]  Later that same day, counsel for the

2   defendant filed a Motion for Protective Order explaining that the box contained a video camera,

3   describing the parties' discovery dispute relating thereto, and setting the matter for hearing on

4   August 4, 2011.[3]  (Dkt. No. 59.)

5           On July 6, 2011, the parties filed a document entitled "Stipulation and Order

6   Relating To Video Recording Of Document Review And Defendant's Motion For Protective

7   Order Regarding The Video Recording" (the "Stipulation").  (Stipulation, Dkt. No. 60.)  The

8   Stipulation provides, in part, that the court will keep a particular compact disc (the "CD") "under

9   seal until such time as this matter is fully concluded . . . ."  (Stipulation ¶ 4.)[4]

10          To date, there has been no formal request that the particular CD referenced in the

11   stipulation be filed under seal in accordance with Local Rule 141.[5]  Paragraph 4 of the

12   Stipulation would allow the parties to sidestep the requisite procedures for filing and maintaining

13   documents under seal.  The parties are reminded that the Local Rules, specifically Local Rule

14   141, govern requests to file documents under seal.  A stipulation between litigants does not

15   automatically render the court a custodian of documents or CDs connected with the litigants'

16   discovery disputes.  A stipulation between litigants that certain documents should be kept "under

17

18          [2]  To date, neither the undersigned nor any members of his staff have opened the box to
    confirm its contents.
19
20          [3]  Absent some order or other direction from the court, the court is not the repository for
    such materials.
21
            [4]  In an apparent response to the Stipulation, an individual appeared at the office of the
22   Clerk of the Court on the morning of July 7, 2011, purportedly to retrieve and copy data from the
    video camera that had been delivered to the court on July 1, 2011.  The court did not release the
23   video camera to this individual, as the court had not yet reviewed or approved the Stipulation the
    parties filed less than 24 hours prior.  This chain of events should demonstrate to the parties that
24   the court is not in a position to be a repository or custodian of their video camera; likewise, the
    court is not in a position to know whether or when to release the video camera to individuals who
25   ask for it.

26          [5]  If they choose, the parties may file a Request to Seal that includes the statutory or other
    authority for such sealing, as required by Local Rule 141(b).

1  seal" does not automatically render those documents filed under seal.  The undersigned is not

2  inclined to approve a stipulation that imposes special requirements on the undersigned and/or the

3  Clerk of Court insofar as the maintenance of the parties' documents is concerned.

4      For the foregoing reasons, IT IS HEREBY ORDERED that the parties'

5  Stipulation is not approved, but without prejudice to the refiling of a sufficient stipulation (or, if

6  necessary, a proposed stipulated protective order)[6] if the parties are unable to reach a private

7  agreement regarding the ongoing storage of both the video camera and CD at issue.

8      IT IS SO ORDERED.

9  DATED:  July 7, 2011

10

11

12  KENDALL J. NEWMAN
  UNITED STATES MAGISTRATE JUDGE

13

14

15

16

17

18

19

20

21

22

23

24

25    [6]  Any such proposed stipulated protective order must make the showing required by Local Rule 141.1, including a provision addressing "why the need for protection should be addressed by a court order, as opposed to a private agreement between or among the parties."

26  E. Dist. Local Rule 141.1(c)(3).