IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANI CHOPOURIAN,

       Plaintiff,                                No. CIV S-09-2972 KJM KJN

    vs.

CATHOLIC HEALTHCARE WEST, et al.,                            ORDER

       Defendants.

_____/

        Plaintiff has filed a motion for leave to file a third amended complaint. After consideration of the parties' briefing, the court denies the motion.[1]

I. BACKGROUND

        On July 31, 2009, plaintiff filed a first amended complaint in San Francisco County Superior Court, alleging that plaintiff, an Armenian-American who was employed as a physician's assistant in two of defendants' hospitals, was subjected to sexual and ethnic comments from co-workers and supervisors. ECF No. 2 at 9 ¶¶ 11, 13. She also alleged that "primarily in 2008, Defendants, through its agents, harassed Plaintiff and subjected her to unwarranted accusations and discipline in response to her complaints about illegal harassment

---

[1] The court ordered the motion submitted on the briefs. L.R. 230(h).

1

and treatment of patients by the surgeons." *Id*. at 10 ¶ 21.  She continued that "[t]hroughout her tenure, Plaintiff has repeatedly complained to management employees, including Human Resources about behavior of surgeons that violated anti-discrimination laws and put patients at risk." *Id*. at 11 ¶ 24.  In addition, she contended that she "repeatedly complained about issues regarding patient care particularly resulting from Dr. Kaplon's treatment of the patients and staff during surgery and of the failure to have an M.D. assist[ant] at all times as required by law." *Id*. ¶ 27.  She included nine causes of action in the amended complaint: hostile work environment based on gender and national origin discrimination and harassment, 42 U.S.C. § 2000e; harassment and discrimination based on national origin, 42 U.S.C. § 1981; retaliation, 42 U.S.C. § 2000e-3(a); retaliation, 42 U.S.C. § 1981; wrongful termination in violation of public policy; intentional infliction of emotional distress; failure to provide adequate meal and rest periods, Cal. Labor Code §§ 226.7 and 512; interference with prospective economic relations; and defamation.  *Id*. at 13-23.

The case was transferred to this district on October 23, 2009.  ECF No. 14. Plaintiff filed a second amended complaint on February 16, 2010.  ECF No. 19.  It repeated the allegations of inappropriate remarks based on plaintiff's gender and ethnicity.  *Id*. at 6-7 ¶¶ 13-16.  It also alleged that in September 2007, plaintiff was given a verbal warning about a parking practice that others engaged in without reprimand and "five months later, after Plaintiff had made additional complaints about ethnic and sexual comments as well as patient care, Defendants first wrote up Plaintiff for the parking issue that occurred in September." *Id*. at 7 ¶ 17.  The complaint also repeated the contention that defendant and its agents harassed and disciplined plaintiff "in response to her complaints about illegal harassment and treatment of patients by surgeons."  *Id*. ¶ 21.  In addition, it alleged that "throughout her tenure, Plaintiff has repeatedly complained to management employees, including Human Resources about behavior of surgeons that . . . put patients at risk" and repeated the claim that plaintiff "repeatedly complained about issues regarding patient care particularly resulting from Dr. Kaplon's

treatment of the patients and staff during surgery and of the failure to have an M.D. assist[ant] at all times as required by law." *Id*. at 8 ¶¶ 24, 27. She raised the same nine causes of action. *Id*. at 10-20.

On February 26, 2010, this court issued a pretrial scheduling order, providing that no amendments to pleadings would be permitted after June 2010 "except with leave of Court, good cause having been shown." ECF No. 20 at 1. It also set February 18, 2011 as the discovery cut-off, April 18, 2011 as the last hearing date for motions, and a final pretrial conference for June 20, 2011. *Id*. at 2-3.

Current counsel took over the case in July 2010 and additional counsel was associated in February 2011. ECF Nos. 22, 25. This court approved two stipulated modifications of the pretrial scheduling order, extending the deadlines for discovery and for motions and made minor modifications to the discovery portion of the scheduling order at plaintiff's behest, following a hearing in June. ECF No. 27, 30, 57.

Plaintiff filed the instant motion to amend the complaint on June 21, 2011.

II. <u>ANALYSIS</u>

Plaintiff seeks to amend the complaint to add a cause of action for retaliation under California Health and Safety Code § 1278.5, which allows a person to seek reinstatement, reimbursement for lost wages and work benefit, as well as attorney's fees from any health facility that discriminates or retaliates against the employee, if he or she has "presented a grievance, complaint or report to the facility" concerning "suspected unsafe patient care and conditions." The statute also establishes a rebuttable presumption that any adverse action taken against an employee within 120 days of such a report is retaliatory. Plaintiff also proposes to delete her claims for discrimination and retaliation on the basis of national origin/ethnicity. ECF No. 53-2 at 6 ¶ 18. She argues that under Federal Rule of Civil Procedure 15(a), leave to amend "shall be freely given when justice so requires" but that if the request is controlled by Rule

/////

16(b), she has satisfied the rule's good cause standard by timely seeking to amend after she uncovered the basis of the claim during discovery. ECF No. 53-1 at 3-4.

Defendant counters that the Rule 16 standard applies because the pretrial scheduling order set a deadline of June 2010 for amendments to pleadings and that plaintiff did not act diligently to ascertain the basis of this claim. ECF No. 64 at 4-6.

Under Rule 16(b) of the Federal Rules of Civil Procedure, a pretrial scheduling order shall not be modified except upon a showing of good cause. *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 607-08 (9th Cir. 1992). Only if the court determines that the party seeking amendment has shown good cause will it consider whether amendment is appropriate under Rule 15. *Id*. at 608; *Hood v. Hartford Life and Accident Ins. Co.*, 567 F.Supp.2d 1221, 1224 (E.D. Cal. 2008).

In *Johnson,* the Ninth Circuit described Rule 16(b)'s good cause standard as focusing on "the diligence of the party seeking the amendment." It recognized that while "the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus is upon the moving party's reasons . . . If that party was not diligent, the inquiry should end." *Id*. at 609 (citation omitted); *see also Ultimax Cement Manufacturing Corp. v. CTS Cement Manufacturing*, 587 F.3d 1339, 1354 (9th Cir. 2010) ("'good cause' has been defeated by undue delay in moving to amend . . .").

Plaintiff's counsel alleges that when he first substituted into the case, he met informally with defendant's counsel and deferred discovery on opposing counsel's agreement to produce witnesses to allow him to evaluate the merits of his client's case. ECF No. 53-2 ¶ 3 (Decl. of Lawrence Bohm). Defendant's counsel disputes this characterization, averring that while she indeed met informally with plaintiff's counsel and offered to present key witnesses to allow him to undertake an informal evaluation of the case, she did not hinder plaintiff's opportunity to prepare her case. ECF No. 64-3 ¶ 5 (Decl. of Judith Clark Martin). Opposing counsel avers in September 2010 she made available Renee Dodge, Jim Andersen and Patti

4

DiPinto to plaintiff's counsel for three hours of interviews. *Id*. ¶ 6. Plaintiff's counsel agrees that he met with witnesses on September 2, 2010, but claims they were available "for so short a period of time" that he was unable "to adequately investigate the merits of Plaintiff's claims" and that one, Jean Scrafton, did not appear at all. ECF No. 53-2 ¶ 5. He does not describe what topics he pursued or was prevented from pursuing at that meeting.

As they did at the court's earlier hearing to amend the discovery deadlines, the parties dispute who was at fault for the subsequent failure to schedule a second informal meeting before January 2011, when plaintiff served nine notices of deposition, as well as interrogatories, requests for production and requests for admission. ECF No. 64-3 ¶ 7; ECF No. 53-2 ¶ 9. Plaintiff's counsel was not able to schedule many of the depositions he sought before June 2011 because defendant's lead counsel, who at that point insisted on being present at the depositions, was in trial. *Id*.

On June 3, 2011, plaintiff's counsel took the deposition of Jim Anderson, from defendant's Human Resources Department (HR). Anderson admitted he received one complaint about patient safety from plaintiff on July 3, 2008. On June 6, 2011, counsel deposed Renee Dodge, Director of Cardiac Surgery, who said she received complaints from plaintiff in June 2008. ECF No. 53-2 ¶ 11. Counsel has not provided excerpts from these depositions in support of the pending motion. With the reply, however, he has filed portions of the depositions of Jim Anderson and Renee Dodge. These excerpts show that Anderson said only that in June or July 2008 he became aware plaintiff was having problems working with Dr. Kaplon, he then allowed her to raise all of her concerns in an hour-long meeting, and he later spoke to Renee Dodge. Anderson does not detail what he learned from Dodge. ECF No. 66-2 at 3-5. Dodge testified that one time plaintiff said something about Dr. Kaplon's "creating an unsafe environment for the patient," but that "it was an anger response . . ." ECF No. 66-3 at 3-4. Dodge also testified that she never saw any written complaint about patient safety, although HR had asked plaintiff to prepare a written complaint about Dr. Kaplon. ECF No. 66-3 at 5.

1  As noted above, however, in the First Amended Complaint and also in the Second
2  Amended Complaint plaintiff asserts she had raised concerns about patient safety issues in 2008,
3  and she apparently produced some written complaints on this subject dating from 2007 in
4  discovery.  *See* ECF No. 53-3 at 13.  While these complaints were apparently made outside the
5  120 day window giving rise to a rebuttable presumption that adverse employment action was
6  taken in retaliation for a complaint about patient safety, Cal. Health & Safety Code
7  § 1278.5(d)(1), they suggest that counsel had the facts supporting the claimed retaliation before
8  taking the depositions in this case.

9  On the record before the court, plaintiff's explanation does not show diligence.
10  As the first and second amended complaints demonstrate, plaintiff knew she had complained
11  about patient safety and presumably knew to whom she had complained, yet counsel does not
12  explain why he did not explore this topic with Anderson and Dodge during the informal
13  interviews in September 2010.  While counsel does complain that Jean Scrafton was not made
14  available for informal interviews, he does not suggest she later provided information supporting
15  the proposed new cause of action.  In addition, although there were problems scheduling
16  depositions because of Ms. Martin's schedule, plaintiff's counsel has not suggested he was
17  unable to develop the claim through interrogatories and requests for admission or production;
18  that he may have preferred to conduct depositions is not sufficient.  *See Photomedex, Inc. v.*
19  *Irwin*, 2007 WL 2238359, at *2 (S.D. Cal. Aug. 2, 2007) (strategic decisions do not always
20  demonstrate diligence or good cause).  Finally, counsel fails to explain why he could not seek
21  amendment earlier, particularly in light of his concession that the issue is apparent from the face
22  of the Second Amended Complaint: "'when the party seeking amendment knows . . . of the facts
23  upon which the proposed amendment is based but fails to include them in the original complaint,
24  the motion to amend may be denied.'"  *DeSaracho v. Custom Food Machinery, Inc*., 206 F.3d
25  874, 878 (9th Cir. 2000) (quoting *Jordan v. County of Los Angeles*, 669 F.2d 1311, 1324 (9th
26  Cir.), *vacated on other grounds*, 459 U.S. 810 (1982); *Wells Fargo Bank, N.A. v. Renz*, 2010 WL

1   2867615, at *3 (N.D. Cal. July 20, 2010).  The court need inquire no further to conclude that
2   plaintiff's motion should be denied.
3          IT IS THEREFORE ORDERED that plaintiff's motion for leave to file a third
4   amended complaint (ECF No. 53) is denied.
5   DATED: August 26, 2011.

                              UNITED STATES DISTRICT JUDGE

25   2
26   chop2972.mta