IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANI CHOPOURIAN,

Plaintiff, Civ. No. S-09-2972 KJM KJN

vs.

CATHOLIC HEALTHCARE WEST, et al., ORDER AND ORDER TO SHOW CAUSE

Defendants.

_________________________________/

On November 8, 2011, the court heard argument on the parties' motions in limine. Lawrence A. Bohm and Erika M. Gaspar appeared for plaintiff; Judith Clark Martin and David Ditora appeared for defendant.

I. Briefing Schedule

The court sets the following schedule for further briefing on the question raised by defendant's motion in limine no. 6 regarding the relationship between the specificity of plaintiff's complaint to the EEOC and the causes of action in the second amended complaint. Defendant's brief is due by November 18, 2011 with the opposition due by November 30. Argument on the motion is set for December 7, 2011 at 10:00 a.m.

/////

/////

II. Order to Show Cause

As the court noted at hearing, defendant's motion in limine no. 6, as well as defendant's motions in limine nos. 3 and 7 and portions of no. 12 are substantive motions, brought in the guise of motions in limine. The Pretrial Scheduling Order issued in this case on February 26, 2010 cautioned counsel that "an untimely motion characterized as a motion in limine may be summarily denied. A motion in limine addresses the admissibility of evidence." ECF No. 20 at 2. Another court has rejected the use of such motions as "preemptive weapons . . . which . . . endeavor to strike in shotgun fashion at whole topics and sources of prospective evidence . . ." and, as such, "would effectively serve as a form of advance trial of substantive portions of the case, or indeed as a substitute for the trial itself." *TVT Records v. Island Def Jam Music Group*, 250 F.Supp.2d 341, 344 (S.D.N.Y. 2003); *see also Henderson v. Peterson*, 2011 WL 2838169, at *11 (N.D. Cal. July 15, 2011) (finding issue of exhaustion waived when it was not raised in a 12(b) motion). In this case, defendant's motions identified in this paragraph sought resolution of "substantive portions of the case" and thus were not properly brought as motions in limine. While the court could have summarily denied the motions, they raise potential jurisdictional issues the court has determined it must resolve before trial. Therefore, the court has vacated the trial date on short notice, so that the motions can be properly resolved.

In light of the foregoing, attorney Martin is directed to show cause within fourteen days of this order why she should not be sanctioned in the amount of $999.00 for filing motions in limine as substantive motions, filed well past the deadline for filing of such motions.

III. New Trial Date

Plaintiff's counsel has informed the court that one of his witnesses will be unavailable because of medical reasons beginning in February 2012. Accordingly the court sought to confirm a new trial date in January consonant with its heavily impacted calendar. Attorney Martin represented, however, that she had a conflict with trial being set in January and moreover that she is the only person who could try the case. The court notes, however, that

Attorney Ditora, an experienced civil litigator, has joined the defense team. In the absence of a declaration from her client that Attorney Martin is in fact the only person who can try the case, the court sets trial for Monday, January 23, 2011 at 9:00 a.m.

IT IS THEREFORE ORDERED THAT:

1. Defendant's brief on the impact of the scope of the EEOC complaint on this case is due November 18, 2011, with opposition due November 30, 2011; argument is set for December 7, 2011 at 10:00 a.m.

2. Trial is set for January 23, 2012 at 9:00 a.m.

3. Attorney Martin is directed to show cause within fourteen days of the date of this order why she should not be sanctioned.

DATED: November 10, 2011.

UNITED STATES DISTRICT JUDGE