IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANI CHOPOURIAN,

        Plaintiff,                               No. CIV S-09-2972 KJM KJN

    vs.

CATHOLIC HEALTHCARE WEST,
et al.,                                         ORDER

        Defendants.
_____/

        The parties have submitted excerpts of video-taped depositions they wish to present at trial, along with counterdesignations and objections. Plaintiff complains that because of defendant's late response, she did not have time to respond to all objections; the court will allow her to respond briefly, on the first day of trial, to those objections which the court sustains below. The court will not address those objections the parties have resolved as noted in their joint submission. It also will not address individually those objections to counsel's comments or questions, unless a comment or question is required for the proper understanding of the answer; generally, counsel's questions and comments are stricken. To the extent the court has not resolved these latter sets of objections, it relies on counsel to eliminate material as needed from their submissions.

/////

After reviewing the proposed excerpts and the objections, the court rules as follows:

   A.  Deposition of Cynthia Kirch

The court sustains defendant's relevance objection to the following excerpts offered by plaintiff: 17:20-18:2; 18:17-18; 35:10-13, and further grants defendant's objection to 44:20-45:11, which is speculative.

The court overrules defendant's objection to 25:12-16 and 27: 6-10 based on the inclusion also of 25:2-3.

The court sustains plaintiff's objection to defendant's counterdesignation of 18:19-25.

   B.  Deposition of Doris Frazier

Defendant objects to plaintiff's designation as 100:1-25 because the page was not included in Exhibit B. It similarly is not included in the copy of Exhibit B provided to the court. It appears that the parties have resolved this objection and agree that this excerpt will be admitted on the condition that defendant's additional excerpt of 102:1-23 is as well.

The court overrules defendant's objections to 156:8 -157:5; 199:8-200:1; 202:24-203:16 (with the caveat that 203:4-5 will not be used); 205:13-206:20 (though the objection at 206:17-18 will be excluded); 228:18-229:17; and 231:5-23.

Defendant objects to 200:15-201:11 on the grounds of attorney client privilege, though that objection was not interposed during the objection. *See* FED. R. CIV. P. 30(c)(2). To the extent this portion would violate the attorney client privilege, the court sustains the objection. *Export-Import Bank of the U.S. v. Asia Pulp & Paper Co., Ltd.*, 232 F.R.D. 103, 112 (S.D.N.Y. 2005). However, the court overrules the objection to the question at 200:20-21 and the answer at 201:10-11.

In addition, the court sustains defendant's objection to 245:6-13.

/////

C.  Deposition of Jean Scrafton (Volume I)

The court sustains defendant's objections to 19:15-24, 20:10-19; and 76:3-77:10.

The court overrules the following objections:  81:3-11(and allows the counterdesignation of 82:2-14); 85:15-16; 96:6-20; 97:10-11 (and allows the counterdesignations of 103:9-104:8, 108:12-25, 113:9-19); 110:14-19; 114:14-16; 145:11-22 (and allows the counterdesignation of 145:23-25); 195:3-13.

To explain in relevant part, defendant's hearsay objection to the testimony at 81:3-11 and 195:3-13 is not well taken.  Defendant acknowledges that Scrafton "was produced as a person most knowledgeable about the subjects of plaintiff's overall performance and the organization and staffing of the cardiovascular department and that she was authorized to speak at her deposition regarding these topics."  It continues, however, that at the time of her deposition, Ms. Scrafton was no longer Clinical Coordinator and had no supervisory responsibilities over any Physician's Assistants.  From this it argues that Scrafton's testimony about plaintiff's performance and the operations of the cardiovascular department is hearsay as to defendant.  Its theory is that because Scrafton was not a supervisor at the time of her deposition, her statements are not admissions within the meaning of Rule 801(d)(1)(2)(D).  Defendant relies on cases holding that an employee's deposition testimony is not necessarily deemed to be an admission within the meaning without a showing of agency.  *See, e.g.*, *Carpenter v. Forest Meadows Owners Ass'n*, 2011 WL 3207778, at *4-5.  In this case, however, defendant offered Scrafton as a person most knowledgeable under Rule 30(b)(6) of the Federal Rules of Civil Procedure.  Under that rule, when a party seeks to depose an organization, "the named organization must then designate one or more officers, directors, or managing agents, or designate other persons who consent to testify on its behalf . . . .  The persons designated must testify about information known or reasonably available to the organization."  Under Rule 801(d)(2)(C) of the Federal Rules of Evidence, "a statement by a person authorized to make a statement concerning the subject" is deemed an admission, and therefore not hearsay, of the

party-opponent. *See also* FED. R. CIV. P. 32(a)(3) ("an adverse party may use for any purpose the deposition of a party or anyone who, when deposed, was the party's . . . designee under Rule 30(b)(6). . . ."). In addition, as noted below, Scrafton's testimony about plaintiff's insistence on her meal break and the needs of the department appears to derive from Scrafton's supervision over the unit. Even so, Scrafton's testimony about what unnamed employees said about plaintiff following her termination is not relevant, as there is nothing tying those comments to any decision maker (76:3-77:10).

  D. Deposition of Jean Scrafton (Volume II)

    The court sustains defendant's objection to 246:6-10.

    The court overrules defendant's objection to 247:25-248:19; 251:15-20; 252:7-17; and 254:2-255:3 (and allows the cross-designations relating to complaints about patient safety). In addition, the court overrules defendant's objections to 279:10-17; 280:7-19; 281:5-16 (and allows the counterdesignation of 279:18-20 and 281:5-16); 282:4-19; 283:3-10; 284:11-15; 344:18-345:11.

    The court cannot rule on defendant's objection to 249:22-250:1, as page 249 was not included in the excerpts provided.

  E. Deposition of Jim Anderson (Volume I)

    The court overrules defendant's objection to 42:3-43:5; 50:19-51:4; 74:18-75:6; 179:25-180:6.

    The court sustains the objection to 39:17-25 and 41:8-21 based on defendant's stipulations. The parties shall provide a written stipulation confirming defendant's representation, to be read to the jury. In addition it sustains the objection to 45:17-21; 77:21-78:7; 78:19-79:5; 79:20-80:12; 110:5-9, 13:15.

    The court cannot rule on the designation of 40:1 and 4:21-22 as these pages were not included in the exhibit.

/////

F. Deposition of Jim Anderson (Volume II)

The court overrules defendant's objection to 408:17-24; 412:13-15; 429:16-430:10 and 434:24-435:12 (assuming plaintiff can identify the documents mentioned); 436:1-7 (starting with "Did you . . ."); 439:13-17; 441:21-442:2.

The court sustains defendant's objection to 408:25-409:7; 412:7-12; 435:24-25.

It accepts defendant's counterdesignation of 287:21–288:2; 298:23-299:4.

G. Deposition of Jim Anderson (Volume III)

The court sustains defendant's objection to 573:2-7, 573:24-574:4.

The court permits defendant's counterdesignations of 464:10-465:1; 488:13-23.

H. Deposition of Renee Dodge (Volume I)

The court overrules the objection to 67:14-25; 102:19-25; 142:13-15.

The court sustains the objection to 101:25-102:3.

I. Deposition of Renee Dodge (Volume II)

The court sustains defendant's objection to 179:13-180:8.

The court overrules defendant's objection to 182:3-11; 183:1-5; 224:23-225:2; 328:14-329:7; 329:20-330:9; 339:4-11.

The court cannot rule on 331:1-4 or the counterdesignations of 165:709; 165:12-22; 167:23-168:1; 168:7-16; 192:5-10; 192:14-193:1; 207:1-3; 207:5-20; 209:8-211:10, as they are not included in the excerpt provided.

The court approves the counterdesignations of 178:23-179:12.

J. Deposition of Scott Harper

The court overrules defendant's objections to 22:13-23:22; 42:11-22; 79:8-18; 86:19-23; 109:6-9; 111:25-112:2; 112:19-25; 132:2-16; 158:3-14; 160:22-24; 161:24-162:2 (with the exception of the word "Christ").

The court sustains the objection to 106:3-13; 107:2-8; 125:19-126:1; 126:6-8.

/////

The court approves the counterdesignations at 41:15-42:6; 50:8-14; 71:4-19; 85:6-12; 142:16-143:4; 145:18-23; 146:10-18.

The court does not approve the counterdesignations at 70:20-71:3 and 71:20-23.

The court cannot rule on 113:1, as it is not included in the excerpt provided.

IT IS SO ORDERED.

DATED: January 27, 2012.

_____
UNITED STATES DISTRICT JUDGE