1  JUDITH CLARK MARTIN, STATE BAR NO. 173557
   DAVID L. DITORA, STATE BAR NO. 119252
2  **LA FOLLETTE, JOHNSON,**
   **DE HAAS, FESLER & AMES**
3  655 University Avenue, Suite 119
   Sacramento, California  95825
4  Phone:        (916) 563-3100
   Facsimile:    (916) 565-3704
5  Email:        JCMartin@ljdfa.com
   Email:        DDitora@ljdfa.com
6
   Attorneys for Defendant,
7  CATHOLIC HEALTHCARE WEST dba
   MERCY GENERAL HOSPITAL (erroneously
8  sued and served herein as CATHOLIC HEALTHCARE
   WEST and MERCY GENERAL HOSPITAL)
9

10

11                    UNITED STATES DISTRICT COURT

12                    EASTERN DISTRICT OF CALIFORNIA

13

14
   ANI CHOPOURIAN,                        )  CASE NO.  2:09-CV-02972-KJM-KJN
15                                        )
                   Plaintiff,             )  **MOTION TO QUASH TRIAL SUBPOENA**
16                                        )  **FOR JOSEPH HALE**
   v.                                     )
17                                        )
   CATHOLIC   HEALTHCARE   WEST,)
18 MERCY GENERAL HOSPITAL, AND  )
   DOES 1 through 20, inclusive,          )
19                                        )
                   Defendants.            )
20 _____)

21

22       COMES NOW Defendant, CATHOLIC HEALTHCARE WEST dba MERCY GENERAL

23 HOSPITAL and moves the court to quash that certain trial subpoena issued to witness Joseph Hale

24 and served upon counsel for the defense on January 20, 2012.  This was the first date he was ever

25 identified as a witness in this matter.

26       As set forth in the accompanying Declaration of Judith Clark Martin, Mr. Hale is the Area

27 Claims Manager for Catholic Healthcare West Risk Services.  In that capacity, he has overseen

28 the defense of the instant claim and served as the liaison between the defendant and its attorneys

                                           1
   **MOTION TO QUASH TRIAL SUBPOENA OF JOSEPH HALE**   Case No.: 2:09-CV-02972-KJM-KJN

1  of record.  With one exception (he attended the first session of plaintiff's deposition), **virtually**

2  **everything he knows about the instant litigation, he learned from defense counsel**.  As such,

3  any substantive information in Mr. Hale's possession necessarily falls under the attorney client

4  privilege, the attorney work product doctrine (F.R.C.P. 26(b)(3)(A) and (B)), or both.  Again, with

5  the exception of events occurring at the first session of plaintiff's deposition, it necessarily follows

6  that any relevant testimony Mr. Hale could provide "requires disclosure of privileged or other

7  protected matter" within the meaning of Federal Rule of Civil Procedure 45(c)(3)(A)(iii).  For that

8  reason,  the court should quash the motion.

9                                                   **I.**

10          **COMMUNICATIONS FROM MR. HALE TO COUNSEL ARE**
            **PROTECTED BY THE ATTORNEY CLIENT PRIVILEGE.**
11

12          The attorney client privilege is well established, and its application in this case should be

13  crystal clear.  An eight-part test determines whether information is covered by the attorney-client

14  privilege:

15          (1) Where legal advice of any kind is sought (2) from a professional legal adviser
            in his capacity as such, (3) the communications relating to that purpose, (4) made
16          in confidence (5) by the client, (6) are at his instance permanently protected (7)
            from disclosure by himself or by the legal adviser, (8) unless the protection be
17          waived.

18  *U.S. v. Graf*, 610 F.3d 1148, 1156 (9th Cir. 2010, internal citations omitted).  Here, Mr. Hale is an

19  Area Claims Manager for defendant.  In that capacity, he selected and hired defense counsel to

20  represent defendant's interests in this litigation.  He also served as the liaison between defendant

21  and its counsel.  All communications he had which relate in any way to the case were

22  communications pertaining to professional legal advice, and were confidential.  Defendant has

23  done nothing to waive the privilege, therefore its protections should apply.  Accordingly, this

24  motion should be granted and the subpoena quashed.

25  ///

26  ///

27  ///

28  ///

                                                    2

## II.

### COMMUNICATIONS FROM COUNSEL TO MR. HALE ARE PROTECTED BY THE WORK PRODUCT DOCTRINE.

It has long been the rule that documents and things prepared by an attorney or at her behest in anticipation of litigation, as well as the attorney's thoughts, conclusions, theories and opinions fall under the penumbra of the work product doctrine.  Federal Rule of Civil Procedure, rule 26(b)(3)(A) and (B); see also *Hickman v. Taylor*, 329 U.S. 495, 511 (1947).  That those documents and thoughts were shared with the attorney's client in no way lessens that protection.  In addition, any testimony recounting information provided by counsel would be hearsay for which no exception exists.

## III.

### MR. HALE'S TESTIMONY WOULD NOT BE RELEVANT.

Simply put, Mr. Hale is not a legitimate percipient witness in this case.  He never worked with Ani Chopourian, never supervised her, never investigated any of her complaints, never disciplined her, did not participate in the decision to terminate her, never made a decision concerning her privileges at either hospital, and never communicated with a privileging committee.  He is not an officer, director or managing agent of Catholic Healthcare West.  There is no firsthand testimony he could provide in the instant matter relevant to any of plaintiff's claims.  If called upon to do so, plaintiff will not be able to demonstrate otherwise.  The subpoena should be quashed.

## IV.

### EVEN IF MR. HALE'S TESTIMONY IS NOT PRIVILEGED, NOT HEARSAY, AND IS SOMEHOW RELEVANT, ITS INTRODUCTION WOULD NONETHELESS BE A WASTE OF TIME AND WOULD TEND TO CONFUSE THE JURY.

Pursuant to Federal Rule of Evidence 403, even relevant evidence may be precluded if its probative value is outweighed by the danger its admission will result in confusion of the issues, undue delay or waste of time.  Assuming, *arguendo*, that there is an area in which Mr. Hale could testify which is not subject to privilege or protection, is not hearsay and is relevant, that evidence will be so far removed from any issues of the case that its introduction will necessarily delay the

3

1  trial and constitute a waste of time for the court and for the jury.  Further, allowing Mr. Hale to

2  take the stand will only serve to confuse the jury and could result in creating prejudice against

3  defendant, given that almost every question will result in an objection and possibly a sidebar if

4  the court entertains offers of proof as to the testimony plaintiff expects to elicit.  It is entirely

5  possible, if not probable, that the entirety of Mr. Hale's testimony could be limited to his name,

6  occupation and relationship to the case.

### V.

### THE DESIGNATION OF MR. HALE WAS UNTIMELY.

9  The name "Joseph Hale" does not appear in plaintiff's Rule 26 disclosure or on any of

10  plaintiff's pre-trial witness lists.  It is true that plaintiff had previously identified a witness named

11  "Tom Hale," but never identified who that person was.  On January 20, 2012, plaintiff served a

12  trial subpoena for "Tom Hale" on defense counsel.  A meet and confer email from the defense

13  advised plaintiff that no such person had ever worked at Mercy General Hospital and thus could

14  not be produced.  Later that day, plaintiff emailed the subpoena for *Joseph* Hale which prompted

15  this motion.

16  Defendant respectfully submits that identifying a new witness ten days before the start of

17  trial is too late in the game and constitutes the type of surprise that Rule 26 and this court's pretrial

18  order were both designed to prevent.  Had plaintiff identified him properly, this issue could have

19  been dispensed with earlier in the proceedings.  She has had actual knowledge of Mr. Hale's name

20  since March 15, 2010, when he attended the first session of Ms. Chopourian's deposition.

21  Notably, his name appears on page 2 of the transcript of that deposition.

### VI.

### CONCLUSION

24  For all of these reasons and each of them, this motion should be granted and the subpoena

25  quashed.  If, however, the court is inclined to allow Mr. Hale to testify, defendant respectfully

26  ///

27  ///

28  ///

4

1 | requests an offer of proof to allow the court and counsel an opportunity to prevent the inadvertent

2 | disclose of privileged or protected information.

3 | Dated:          January 30, 2012                    LA FOLLETTE, JOHNSON,
                                                        DE HAAS, FESLER & AMES

4

5

6 | By:    */s/ Judith Clark Martin*
                                JUDITH CLARK MARTIN
                                DAVID L. DITORA

7 | Attorneys for Defendant,
   CATHOLIC  HEALTHCARE  WEST

8 | dba MERCY GENERAL HOSPITAL
   (erroneously sued and served herein as

9 | CATHOLIC  HEALTHCARE  WEST
   and MERCY GENERAL HOSPITAL)

10 | 655 University Avenue, Suite 119
    Sacramento, CA 95825

11 | (916) 563-3100
    (916) 565-3704 Facsimile

12 | Email: JCMartin@ljdfa.com
    Email: DDitora@ljdfa.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**MOTION TO QUASH TRIAL SUBPOENA OF JOSEPH HALE**   Case No.: 2:09-CV-02972-KJM-KJN