JUDITH CLARK MARTIN, STATE BAR NO. 173557
DAVID L. DITORA, STATE BAR NO. 119252
**LA FOLLETTE, JOHNSON,**
**DE HAAS, FESLER & AMES**
655 University Avenue, Suite 119
Sacramento, California  95825
Phone:        (916) 563-3100
Facsimile:   (916) 565-3704
Email:        JCMartin@ljdfa.com
Email:        DDitora@ljdfa.com

Attorneys for Defendant,
CATHOLIC HEALTHCARE WEST dba
MERCY GENERAL HOSPITAL (erroneously
sued and served herein as CATHOLIC HEALTHCARE
WEST and MERCY GENERAL HOSPITAL)

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI CHOPOURIAN,<br><br>            Plaintiff,<br><br>v.<br><br>CATHOLIC HEALTHCARE WEST,<br>MERCY GENERAL HOSPITAL, AND<br>DOES 1 through 20, inclusive,<br><br>            Defendants. | CASE NO.  2:09-CV-02972-KJM-KJN<br><br>**DEFENDANT'S FURTHER BRIEFING ON EXEMPTION STATUS FROM MEAL AND REST BREAKS IN RESPONSE TO PLAINTIFF'S REPLY, SPECIFICALLY RE: SALARY REQUIREMENT UNDER 8 CALIFORNIA CODE OF REGULATIONS SEC. 11040** |

For a health care practitioner to qualify under the "professional exemption" from statutory meal and rest break regulation under the Labor Code, the practitioner must earn,

> "a monthly salary equivalent to no less than two (2) times the state minimum wage for full-time employment. Full time employment is defined in Labor Code Section 515(c) as 40 hours per week."

(8 California Code of Regulations, § 11040(A)(3)(d).)

In defining the term "salary," California courts have followed both the Webster definition as, "fixed compensation paid regularly," (*Head v. Costco,* (2011) WL 452970 at pg. 4), as well

1

**DEFENDANT'S FURTHER BRIEFING ON EXEMPTION STATUS FROM MEAL AND REST BREAKS IN RESPONSE TO PLAINTIFF'S REPLY, SPECIFICALLY RE: SALARY REQUIREMENT UNDER 8 CALIFORNIA CODE OF REGULATIONS SEC. 11040** Case No.: 2:09-CV-02972-KJM-KJN

as the Federal definition, known as the Salary Basis Test.

> The federal Fair Labor Standards Act (29 U.S.C. § 201 et seq.) applies a "salary basis test" to determine whether employees who are classified by their employers as "salaried," and therefore exempt from minimum wage and overtime requirements, are in fact properly subject to exemption. (citation.) State law must meet or exceed standards adopted under federal law, and *California follows the federal salary basis test to a substantial degree.* (citation.)
>
> Federal regulations provide that "An employee will be considered to be paid on a 'salary basis' within the meaning of these regulations if the employee regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of the employee's compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed.... [A]n exempt employee must receive the full salary for any week in which the employee performs any work without regard to the number of days or hours worked."

(*Kettenring v. LAUSD,* (2008) 167 Cal. App. 4th 507, 513, emphasis added, internal citations omitted; 29 Code of Federal Regulations § 541.602(a).)

The Salary Basis Test is not determined by whether pay is expressed in hourly terms, as is common of payroll computer systems. The inquiry is to whether the employee receives a minimum amount each pay period that they can rely on. Further, under federal law, **"additional compensation in the form of hourly overtime payment does not defeat exempt status under the salary-basis test."** (*Boykin v. Boeing Co.* (9th Cir.1997) 128 F.3d 1279, 1281–1282, *emphasis added.*)

Here, Ms. Chopourian's offer letter states "*For Non-Exempt*, $52.50 per hour, payable bi-weekly." Her shift is listed as "DAY / 80-8 Hour shift." (see Ms. Chopourian's Employment Offer, attached to Decl. Andersen as Exhibit A; also designated for trial as Defendant's Exhibit HH, 004.)

"*For Non-Exempt*" refers to physician assistant's at Mercy General as not exempt from overtime pay, and <u>does not</u> determine their status for the meal and rest break exemption in 8 California Code of Regulations, section 11040. (see Decl. Andersen ¶ 2.)

"DAY / 80-8 Hour shift" means that an employee is guaranteed a minimum of forty (40) hours of work over a four (4) day weekly shift. An employees hours may change depending on

the week, however the employee's base pay does not dip below the guaranteed minimum amount of net pay as calculated by the hourly rate multiplied by the hourly shift per week. (*see* Decl. Andersen ¶ 3.)

Ms. Chopourian <u>was guaranteed</u> a *minimum* of forty (40) hours and four (4) days per week of work. Due to being designated "*non-exempt*" from overtime pay, Ms. Chopourian's pay would often go beyond the minimum due to overtime hours worked, however <u>her pay never went below</u> the amount guaranteed in this document. 80 x $52.50 = $4200 minimum gross pay per period. (*see* Ms. Chopourian's payroll records, attached to Decl. Andersen as Exhibit B, also designated for trial as Defendant's Exhibit Y-00392-00448.)

## Conclusion

While hired in terms of hours, <u>Ms. Chopourian was paid a salary</u> under the Federal Salary Basis Test, relied on in California. Ms. Chopourian was guaranteed a minimum amount of compensation, per pay period, regardless of quality or quantity of work performed. Contrary to Plaintiff's assertion in her Reply, Defendant has never conceded this fact.

Dated: February 3, 2012

LA FOLLETTE, JOHNSON,
DE HAAS, FESLER & AMES

By: */s/ Judith Clark Martin*
JUDITH CLARK MARTIN
DAVID L. DITORA
Attorneys for Defendant,
CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL (erroneously sued and served herein as CATHOLIC HEALTHCARE WEST and MERCY GENERAL HOSPITAL)
655 University Avenue, Suite 119
Sacramento, CA 95825
(916) 563-3100
(916) 565-3704 Facsimile
Email: JCMartin@ljdfa.com
Email: DDitora@ljdfa.com