LAWRANCE A. BOHM, (SBN 208716)
BOHM LAW GROUP
4600 Northgate Blvd
Suite 210
Sacramento, CA 95834
Telephone: (916) 927-5574
Facsimile:  (916) 927-2046

Gregory R. Davenport (SBN 154403)
THE LAW OFFICES OF GREGORY R. DAVENPORT
3031 West March Lane, Suite 334 East
Stockton, California 95219
Telephone: (209) 955-1999
Facsimile: (209) 475-4951

ERIKA M. GASPAR, (SBN 238117)
LAW OFFICE OF ERIKA M. GASPAR
2121 Natomas Crossing Drive, Suite 200-399
Sacramento, CA  95834
Telephone (916) 749-0278
Facsimile (916) 647-0535

Attorneys for Plaintiff
ANI CHOPOURIAN

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI CHOPOURIAN,<br><br>             Plaintiff,<br><br>     v.<br><br>CATHOLIC HEALTHCARE WEST, MERCY GENERAL HOSPITAL, AND DOES 1 through 20, inclusive,<br><br>             Defendants. | Case No.  2:09-CV-02972-KJM-KJN<br><br>**PLAINTIFF'S FURTHER BRIEFING RE EXEMPTION ISSUE**<br><br><br>Trial Date:     February 6, 2012<br>Time:           1:30 p.m.<br>Court Room:  3<br><br>Judge:          Hon. Kimberley J. Mueller |

Plaintiff ANI CHOPOURIAN hereby files Plaintiff's Further Briefing Regarding the Issue of Exemption.  First, and foremost, Plaintiff notes that Defendant's most recent Trial Brief regarding salary, submitted in support of exemption defense (Doc. 230) and the Declaration of

1

James Andersen submitted in support thereof (Doc. 230-1) further supports Plaintiff's argument that she did not receive a salary, a critical requirement for exempting an employee from the Labor Code laws regulating wage, hour and working conditions.

**1. Exemption is an Affirmative defense and the burden is on Defendant to prove**

Defendant claims Plaintiff is exempt from Labor Code § 512 and IWC Order 8 CCR § 11040 which set the wage, hour and working conditions for all employees in California. Specifically, Defendant claims Plaintiff is exempt under the Professional Exemption outlined under subsection (3) of the IWC Order. 8 CCR § 11040 section 1(A)(3). Defendant claims it is Plaintiff's burden to prove that she is entitled to meal and rest breaks. (Doc 210 2:1-2). This is a misreading and misapplication of the law.

Defendant's claim that Plaintiff is exemption from receiving meal and rest periods is an affirmative defense that must be plead. *Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363, 1369; *Ramirez v. Yosemite Water Co.* (1999) 20 Cal. 4th 785, 794-795; *Nordquist v. McGraw Hill Broadcasting Co.* (1995) 32 Cal App 4 555, 562; *Corning Glass Works v. Brennan* (1974) 417 U.S. 188, 196-197. As an affirmative defense, the burden is on Defendant to prove that Plaintiff is not entitled to meal and rest breaks because she falls under the Professional Exemption. *See Ramirez v. Yosemite Water Co.* (1999) 20 Cal. 4th 785, 794-795 ("the assertion of an exemption from the overtime laws is considered to be an affirmative defense, and therefore the employer bears the burden of proving the employee's exemption.")

**2. Labor laws are narrowly construed against the employer**

Exemptions from the California law regarding wages, hour and working conditions for all employees are narrowly construed against the employer. *See Cuttic v. Crozer-Chester Medical Center* (E.D.Pa. 2011) 760 F.Supp.2d 513, 516 ("These exemptions are to be construed narrowly against the employer, and the employer bears the burden of proof that a given employee falls

2

within the scope of an overtime exemption."); *Nordquist v. McGraw Hill Broadcasting Co.* (1995) 32 Cal App 4 555, 562; *Phillips Co. v. Walling* (1945) 324 U.S. 490, 493; *Corning Glass Works v. Brennan* (1974) 417 U.S. 188, 196-197.

> First, past decisions . . . teach that in light of the remedial nature of the legislative enactments authorizing the regulation of wages, hours and working conditions for the protection and benefit of employees, the statutory provisions are to be liberally construed with an eye to promoting such protection. Thus, under California law, exemptions from statutory mandatory overtime provisions are narrowly construed. (internal quotes and cites omitted).
> *Ramirez v. Yosemite Water Co.* (1999) 20 Cal. 4th 785, 794-795; *quoted by Eicher v. Advanced Business Integrators, Inc.* (2007) 151 Cal.App.4th 1363, 1369.

"Exemptions to the FLSA are to be narrowly construed, and the employer bears the burden of proof to show "the employees fit 'plainly and unmistakenly within [the exemption's] terms.'" *SEIU, Local 102 v. County of San Diego (9th Cir. 1995) 60 F.3d 1346, 1350, cert. denied, 516 U.S. 1072, (1996).*

### 3. No Professional Exemption

Defendant has not met its burden to establish that Plaintiff meets all four requirements for Professional Exemption under IWC Order 8 CCR § 11040. Although Plaintiff does not dispute that she was licensed and certified, she disputes that she meets the remaining three requirements.

#### a. **Not paid a salary**

Most notably, Plaintiff was not paid a salary. Defendant's most recent brief on this matter (Doc. 230) and the accompanying documents establish that Plaintiff was not paid a fixed predetermined amount. Defendant cites *Head v Costco* (2011) WL 452970[1] for the proposition that salary is defined as "a fixed predetermined amount."

The DOL considers an employee to be paid on a "salary basis" within the meaning of the regulations if he or she:

---

[1] Notably, in *Head*, managers were paid a fixed amount every two weeks, although their hours worked fluctuated, resulting in a different hourly compensation depending on the week. This was the issue before the court.

3

regularly receives each pay period on a weekly, or less frequent basis, a predetermined amount constituting all or part of [his or her] compensation, which amount is not subject to reduction because of variations in the quality or quantity of the work performed. . . . The employee must receive [his or her] full salary . . . without regard to the number of days or hours worked. *Boykin v Boeing* (9th Cir. 11997) 128 F.3d 1279, 1281.

In this case, Plaintiff's wages depended on how many hours she works as established by Plaintiff's paystubs attached as Exhibit A to Decl. Anderson (Doc 230-1). Defendant acknowledges that Plaintiff's pay is based on her hours, but argues that Plaintiff was paid a salary because her compensation never fell below a guaranteed minimum amount. (Doc 230 2:27-3:3) This is inconsistent with the definition of salary being "without regarding to the number of days or hour worked."

### b. Did not customarily and regularly exercised discretion

Plaintiff did not customarily and regularly exercised discretion. The record before the Court establishes that Plaintiff was forced to harvest veins she knew were compromised because the surgeon said so. This was a frequent frustration and concern of Plaintiff's. Clearly, she was forced to follow the directions of the surgeon.

### 4. Conclusion

As Defendant failed to meet its burden to establish that plaintiff satisfies either the salary or the duties test, Defendant must be excluded from claiming Plaintiff is exempt from meal and rest breaks. *SEIU, Local 102 v. County of San Diego (9th Cir. 199) 60 F.3d 1346, 1350* (failure to satisfy either the salary or the duties test results in loss of exemption), *cert. denied, 516 U.S. 1072, 133 L. Ed. 2d 726, 116 S. Ct. 774 (1996).*

Dated: February 6, 2012            By:   */s/ Erika M. Gaspar*
                                         LAWRANCE A. BOHM
                                         GREGORY R. DAVENPORT
                                         ERIKA M. GASPAR

                                         Attorneys For Plaintiff
                                         ANI CHOPOURIAN

4