LAWRANCE A. BOHM, (SBN 208716)
BOHM LAW GROUP
4600 Northgate Blvd, Suite 210
Sacramento, CA 95834
Telephone: (916) 927-5574
Facsimile:  (916) 927-2046

Gregory R. Davenport (SBN 154403)
3031 West March Lane, Suite 334 East
Stockton, California 95219
Telephone: (209) 955-1999
Facsimile: (209) 475-4951

ERIKA M. GASPAR, (SBN 238117)
2121 Natomas Crossing Drive, Suite 200-399
Sacramento, CA  95834
Telephone (916) 749-0278
Facsimile (916) 647-0535

Attorneys for Plaintiff
ANI CHOPOURIAN

## UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI CHOPOURIAN,<br><br>            Plaintiff,<br><br>      v.<br><br>CATHOLIC HEALTHCARE WEST,<br>MERCY GENERAL HOSPITAL, AND<br>DOES 1 through 20, inclusive,<br><br>            Defendants. | Case No.  2:09-CV-02972-KJM-KJN<br><br>PLAINTIFF'S BRIEF REGARDING<br>PROPOSED JUDGMENT<br><br><br>Hearing Date:    April 10, 2012<br>Time:                 10:00 a.m.<br>Court Room:      3<br><br>Judge:           Hon. Kimberley J. Mueller |

        Plaintiff ANI CHOPOURIAN, by and through undersigned counsel, respectfully submits

the following brief regarding Plaintiff's proposed judgment:

### I.        Proposed Judgment to be entered in the amount of $115,580,484.80

        On February 29, 2012, a verdict was returned resolving all claims in Plaintiff's favor.

1

Chopourian v. Catholic Healthcare West, et al.
Case No. 2:09-CV-02972-KJM-KJN
Plaintiff's Brief Regarding Proposed Judgment

Lawrance A. Bohm, Esq.
Gregory R. Davenport, Esq.
Erika M. Gaspar, Esq.

Now, Plaintiff proposes the Judgment in a Civil Case attached hereto as Exhibit A reducing the total verdict to $115,580,484.80 as follows:

| | |
|---|---|
| Economic damages: | $ 3,730,488.00 |
| Noneconomic damages: | $ 24,000,000.00 |
| Punitive damages: | $ 87,500,000.00 |
| Title VII compensatory and punitive: | $ 300,000.00 |
| Meal and rest break premium wage: | $ 32,716.80 |
| 30-day daily wage rage penalty: | $ 17,280.00 |
| Total Proposed Judgment | **$115,580,484.80** |

## II.    Legal Analysis

"The policy of deferring to a jury verdict is a powerful one, even in cases in which the jury has taken action that is at first blush difficult to explain." *Mockler v. Multnomah County* (9th Cir. 1998) 141 F.3d 1177 (citing *Gentile v. County of Suffolk* (2d Cir. 1991) 926 F.2d 142, 154). "[T]here is no way for [a] Court to step inside the mind of the jury.  For that reason, a jury's verdict should not be overturned lightly." *Skydive Arizona, Inc. v. Quattrochi* (D. Ariz. 2010) 704 F. Supp. 2d 841, 851.  To guide the Court in considering this proposed judgment, Plaintiff offers the following explanations:

### A.  Economic Losses in the Amount of $3,730,488.00.

Plaintiff's proposes total recovery for economic losses in the amount of $3,730,488.00. This reflects past wage loss of $549,360.00 and future wage loss of $3,181,128.00 established at trial and awarded by the jury for several of Plaintiff's claims (Verdicts 2-5).  Plaintiff's proposed judgment of $3,730,488 for economic losses eliminates any duplication.

### B.  Judgment for Plaintiff's Noneconomic Emotional Distress Damages in the Amount of $24,000,000.00.  (Verdicts 3, 4, 5 & 6)

In this case, the jury awarded different amounts for emotional distress for the various claims asserted as follows:

Verdict 3:     $8,000,000 – Wrongful Termination in Violation of Public Policy
Verdict 4:     $2,000,000 – Retaliation in violation of Health and Safety Code

2

Verdict 5:    $8,000,000 – Intentional Interference with Economic Advantage
Verdict 6:    $6,000,000 – Defamation

The variation among the figures strongly suggests that the jury carefully evaluated the distinct harm caused by the various unlawful conduct of Defendant.  There is no evidence or indication that the jury intended any figure as a duplicate.

Where the court instructed the jury several times against awarding duplicative damages and the special verdict form instructed the jury not to award duplicative damage, "juries are presumed to follow the court's instructions." *Fontana Products, Inc. v. Spartech Plastics Corp.* (9th Cir. 2001) 6 F. App'x 591, 595 (*citing Aguilar v. Alexander* (9th Cir. 1997) 125 F.3d 815, 820.)

A duplication of recovery occurs when a plaintiff is compensated for a single injury under several different legal theories.  *Mockler v. Multnomah County* (9th  Cir. 1998) 141 F.3d 1177; *Diversified Graphics Ltd. v. Groves* (8th Cir. 1989) 868 F.2d 293, 295.  Defendant must establish with some degree of certainty that the jury committed error by duplicating damages; it is not enough to merely state that the jury allocated the damages under two different causes of action. *Gentile v. County of Suffolk* (2d Cir. 1991) 926 F.2d 142, 154.

Additionally, the failure to object to jury instructions or verdict form concerning damages constitutes a waiver of any argument that the jury was misinstructed.  *Skydive Arizona, Inc. v. Quattrochi* (D. Arizona 2010) 704 F.Supp.2d 841, 850 (citing *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.* (9th Cir. 2001) 259 F.3d 1101, 1109).  *See also Gentile v. County of Suffolk* (2d Cir. 1991) 926 F.2d 142, 154.  Defendant did not raise any objections regarding the issue of damages on the verdicts forms.  Hence $24,000,000 for emotional distress is correct.

**C.  Judgment for Punitive Damages of $87,500,000  (Verdicts 3 – 6)**

Wrongdoers should not be rewarded for committing multiple illegal acts.  There is no high

3

Chopourian v. Catholic Healthcare West, et al.                                    Lawrance A. Bohm, Esq.
Case No. 2:09-CV-02972-KJM-KJN                                          Gregory R. Davenport, Esq.
Plaintiff's Brief Regarding Proposed Judgment                                   Erika M. Gaspar, Esq.

volume discount for illegal conduct.

> Punitive damages awards are not designed to compensate the victim, but to punish and deter conduct of the offending party.  In some cases, multiple punitive damage awards on overlapping theories of recovery may not be duplicative at all, but may instead represent the jury's proper effort to punish and deter *all the improper conduct* underlying the verdict.  *Mason v. Oklahoma Turnpike Authority* (10th Cir. 1997) 115 F.3d 1442, 1460.

*See also Robertson Oil Co. v. Phillips Petroleum Co.* (8th Cir. 1993) 14 F.3d 373, 383 (affirming separate punitive damage awards on overlapping tortious interference and fraud claims where the "nature, extent, and enormity of the wrong, [and] the intent of the party committing it" differ with respect to each of the awards).  Further, while punitive damages may, in some cases, constitute double recovery, such awards are not duplicative per se.  This is the approach defendant seeks in this case, instead of the full measure of accountability and punishment proposed by the jury's punitive damage findings:

| | |
|---|---|
| Verdict 3: | $31.25 million – Wrongful termination in violation of Public Policy |
| Verdict 4: | $31.25 million – Retaliation in violation of Health and Safety Code |
| Verdict 5: | $6.25 million – Intentional Interference with Economic Advantage |
| Verdict 6: | $18.75 million – Defamation |

The Eighth Circuit has allowed awards based on overlapping claims of tortious interference and fraud where the effects of the wrong and defendant's intentions or conduct differed under the two claims. *Robertson Oil Co. v. Phillips Petroleum Co.* (8th Cir.1993) 14 F.3d 373, 383.  Further, in *Robertson* the court found that though the jury awarded identical amounts of punitive damages under separate theories and the financial conditions of the parties were identical, the instructions for each theory varied drastically.  Accordingly, the court stated "[i]t is evident that the jury's deliberations were directed to two different torts and two different types of conduct, each of which supports an award of punitive damages. *Robertson Oil Co. v. Phillips Petroleum Co.* (8th Cir.1993) 14 F.3d 373, 383.

4

Chopourian v. Catholic Healthcare West, et al.
Case No. 2:09-CV-02972-KJM-KJN
Plaintiff's Brief Regarding Proposed Judgment

Lawrance A. Bohm, Esq.
Gregory R. Davenport, Esq.
Erika M. Gaspar, Esq.

The First Circuit has made the argument most forcefully, suggesting that "the considerations that operate to bar multiple recoveries are conceptually and legally inapplicable to punitive damages." *Sanchez v. Puerto Rico Oil Co.* (1st Cir.1994) 37 F.3d 712, 725.

The Ninth Circuit reached a similar result in *Mockler v. Multnomah County* (9th Cir. 1998) 141 F.3d 1177 regarding separate awards of punitive damages for equal protection and intentional infliction of emotional distress claims arising out of the same episodes of sexual harassment.  In *Mockler,* the court concluded that the punitive damages awards were not duplicative but reflected the jury's intent to punish Defendant for his disregard of both federal law and state policy.  *Id.*

### D.  Judgment for Title VII Claims in the Amount of $300,000.00.

Title VII, 42 USC §1981, limits compensatory and punitive damages to $300,000 per claimant regardless of the number of Title VII claims.

### E.  Judgment for Meal and Rest Period Premium Wage in the Amount of $32,716.80.

The jury found 568 meal and rest violations. Plaintiff's stipulated hourly rate was $57.60 per hour. Accordingly, the court should award Plaintiff a total judgment of $32,716.80.

### F.  Judgment for 30-day wait-time penalty in the Amount of $17,280.00.

Further, Plaintiff is entitled to 30 days of wait time penalties at Plaintiff's daily wage rate pursuant to Labor Code section 203 for Defendant's willful failure to pay the premium wages owed to her for her missed meal and rest breaks. As Plaintiff routinely worked 10 hour shifts, her daily wage rate is $576.00.  The amount of this judgment is 17,280.00.

Dated:  March 26, 2012

By: */s/Erika M. Gaspar*
LAWRANCE A. BOHM
GREGORY R. DAVENPORT
ERIKA M. GASPAR
Attorneys For Plaintiff

Chopourian v. Catholic Healthcare West, et al.
Case No. 2:09-CV-02972-KJM-KJN
Plaintiff's Brief Regarding Proposed Judgment

Lawrance A. Bohm, Esq.
Gregory R. Davenport, Esq.
Erika M. Gaspar, Esq.