IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANI CHOPOURIAN,

    Plaintiff,                  No. CIV S-09-2972 KJM KJN

    vs.

CATHOLIC HEALTHCARE WEST,    ORDER; JUDGMENT

    Defendant.

         On April 10, 2012, the court heard argument on the parties' proposals for entry of judgment. Lawrance Bohm and Erika Gaspar appeared for plaintiff; Raymond Cardozo, Paul Fogel, Margaret Grignon and Judith Clark Martin appeared for defendant.

         The purpose of this order is limited to entering judgment based on the jury's verdicts. Any post-trial motions, including for a new trial or a challenge to the judgment as excessive, will follow. In addition, the court is not determining costs and fees at this juncture.

I. Background

    A. Jury Trial

         On February 24, 2012, the jury retired to consider plaintiff's claims for two Title VII violations–hostile work environment and retaliation-- as well as claims for discharge in violation of public policy, discharge in retaliation for complaints about patient safety, intentional interference with prospective economic advantage, defamation, and failure to provide meal and

rest breaks. ECF Nos. 283, 284 at 17. The court instructed the jury that the amount of damages may be different depending on the claim, but that "plaintiff is only entitled to recover on each loss once, even if it is possible to recover for that loss under two or more claims." ECF No. 284 at 43.

On February 28, 2012, the jury asked about determining economic damages for claims 2 through 5, specifically whether it should apportion the figure for economic loss among the claims or award the same amount for each of the four claims. ECF No. 291. After consulting with the parties, the court replied that plaintiff may recover for economic loss on the retaliation claim in connection with termination of employment, interference with efforts to find and hold new employment and/or denial of privileging at one of defendant's other facilities and also said:

> If you identify any economic loss in connection with termination of employment on claim 2, the same amount of economic loss would apply to economic loss for claims three (discharge in violation of public policy) and 4 (discharge in retaliation for complaints about patient safety). If you identify any economic loss in connection with interference with efforts to find and hold new employment and/or denial of privileging at one of defendant's other hospital facilities on claim 2, the same amount of this economic loss would apply to economic loss for claim 5 (intentional interference with prospective economic advantage). With this understanding, you should record the amount of economic loss you find for each claim, if any, and the court will adjust the award at a later time so that plaintiff only gets one award for each loss.

ECF No. 292.

On April 29, 2012, the jury returned the following verdicts for plaintiff:

<u>Verdict One–Sexually Hostile Work Environment (Title VII)</u>:

Non-economic damages: $10,000,000.00

Punitive damages: $31,250,000.00

/////

/////

2

<u>Verdict Two–Retaliation (Title VII)</u>:

Past lost wages for termination: $549,360.00

Future lost wages for termination: $3,181,128.00

Past lost wages for interference with employment/denial of privileges: $549,360.00

Future lost wages for interference with employment/denial of privileges: $3,181,128.00

Non-economic damages: $5,000,000.00

Punitive damages: $6,250,000.00

<u>Verdict Three (Termination In Violation of Public Policy)</u>:

Past lost wages: $549,360.00

Future lost wages: $3,181,128.00

Non-economic damages: $8,000,000.00

Punitive damages: $31,250,000.00

<u>Verdict Four (Termination In Retaliation For Safety Complaints)</u>:

Past lost wages: $549,360.00

Future lost wages: $3,181,128.00

Non-economic damages: $2,000,000.00

Punitive Damages: $31,250,000.00

<u>Verdict Five (Intentional Interference With Economic Advantage)</u>:

Past lost wages: $549,360.00

Future lost wages: $3,181,128.00

Non-economic damages: $8,000,000.00

Punitive Damages: $6,250,000.00

/////

/////

<u>Verdict Six (Defamation)</u>:

Damages: $6,000,000.00

Punitive Damages: $18,750,000.00

<u>Verdict Seven (Meal and Rest Breaks)</u>:

368 days of work without uninterrupted meal break for which plaintiff was not paid.

200 days of work without rest break for which plaintiff was not paid.

ECF No. 294.

### B. Arguments Regarding Entry of Judgment

The parties have submitted proposed forms of judgment along with argument supporting their differing resolutions of the questions presented by the jury's verdicts.

The parties agree that the verdicts on claims 1 and 2, the total damages for the two Title VII claims, must be combined and capped at $300,000.00. *See* 42 U.S.C. § 1981a(b)(3)(D); *Velez v. Roche*, 335 F. Supp. 2d 1022, 1036 (N.D. Cal. 2004). They also agree that plaintiff is entitled to a single award of $3,730,488.00 for economic losses stemming from claims 3 through 5, comprising $549,360.00 for past lost wages and $3,181,128.00 for future lost wages. Finally, they agree that plaintiff is entitled to $32,716.80 for the meal and rest break premium wage, plus $17,280.00 as a 30-day daily wage rate penalty. ECF Nos. 314-1 at 3, 313 at 2. Thereafter, they part company, with plaintiff urging that the total verdict for non-economic damages be the sum of the individual verdicts for claims 3 through 5 or $24,000,000 and the total verdict for punitive damages also be the sum of the awards, or $87,5000,000. Defendant contends that the total award for non-economic damages should be $8,000,000, and the total punitive damages award $31,250,000.00.

/////

/////

/////

II. <u>Analysis</u>

In fixing judgment the court is guided both by the deference appropriate to the verdicts and to the principle that a plaintiff is not entitled to double recovery for the same loss. *McCollough v. Johnson, Rodenburg & Lauinger, LLC*., 637 F.3d 939, 957 (9th Cir. 2011)*; George F. Hillenbrand, Inc. v. Ins. Co. of North America*, 104 Cal. App. 4th 784, 816 (2002) (deference to punitive damages award); *Cosby v. Autozone, Inc*., Civ. No. S-08-505 LKK/DAD, 2011 WL 445088, at *1 (E.D. Cal. Feb. 8, 2011) (deference to jury's damages award); *Roby v. McKesson Corp.*, 47 Cal.4th 686 (2010) (plaintiff entitled only to single recovery for each distinct item of compensable damage shown by distinct evidence); *Theme Promotions, Inc. v. News America Marketing*, 546 F.3d 991, 1005-06 (9th Cir. 2008) (plaintiff not entitled to more than single recovery for each distinct item of compensable damage); *Mangold v. California Public Utilities Comm'n*, 67 F.3d 1470, 1477-78 (9th Cir. 1995) (noting district court's entry of judgment so as to prevent double recovery).

For the reasons discussed below, the court does not adopt either party's calculation of the disputed amounts.

Plaintiff's argument is straightforward: the court must defer to the jury's verdict, which, by identifying different amounts of non-economic and punitive damages for claims 3 ($8,000,000 and $31,250,000, respectively), 4 ($2,000,000 and $31,250,000), 5 ($8,000,000 and $6,250,000) and 6 ($6,000,000 and $18,750,000), shows that the jury made independent evaluations of these claims. Defendant relies, on the other hand, on the verdict on claim 3, wrongful termination in violation of public policy, as a measure of damages, because this verdict encompassed termination for complaints about the work environment, discrimination, patient and employee safety, and meal and rest breaks. *See* ECF No. 284 at 23. Defendant then argues that the verdicts for intentional interference, which assigned the same economic damages, duplicated the loss stemming from the two verdicts for termination.

/////

1  Defendant also argues that the harm from defamation, claim 6– loss of professional reputation –
2  necessarily overlaps with the harm from the intentional interference, claim 5.

3        The two claims for termination, claim 3 for violation of public policy and claim 4
4  in retaliation for complaints about patient safety – stem from the loss of plaintiff's job.  That the
5  loss gave rise to multiple claims does not permit plaintiff to be compensated more than once for
6  the loss of her job, whatever the motivation for the termination itself.  *Roby*, 47 Cal. 4th at 702.
7  Accordingly, the non-economic damages for claims 3 and 4 properly total a combined
8  $8,000,000.00.

9        Defendant's attempt to bundle the verdicts on the remaining claims is not
10 persuasive.  For the defamation claim, claim 6, plaintiff is entitled to "the amount of damages
11 that would make her whole," including damages for injury to her professional reputation but also
12 damages for emotional distress, including shame, anguish and humiliation.  *Wong v. Tai Jing*,
13 189 Cal. App. 4th 1354, 1379 (2010); *see also* CACI 1704.  The instructions permitted the jury
14 to return a verdict on the defamation claim based on false negative statements made to other
15 employees and to defendant's medical privileging committees, as well as to prospective
16 employers.  ECF No. 284 at 28.  In contrast, the claim for intentional interference with
17 prospective economic relations was based on false claims, made to RAS alone, that plaintiff was
18 terminated by defendant and/or that she took private medical information in violation of the law.
19 ECF No. 284 at 25.  The defamation, therefore, could be based on statements to other of
20 defendant's employees or to the privileging committees rather than on any statements to RAS
21 and therefore could be a separate loss.  There is not such a clear overlap as would justify the
22 court's interference with the jury's assessment of this claim for purposes of the entry of
23 judgment.  Plaintiff is entitled to the different non-economic damages awarded by the jury on
24 each of these claims, $8,000,000.00 for intentional interference plus $6,000,000.00 for
25 defamation, for a total on these two claims of $14,000,000.00
26 /////

1    Defendant also argues that a single figure for punitive damages is appropriate, given the overlap in the verdicts on all the claims.  Punitive damages are not designed to compensate the plaintiff but rather to punish the defendant and deter the defendant and others from committing similar acts.  *State Farm Mut. Auto. Ins. Co. v. Campbell,* 538 U.S. 408, 416 (2003); *Ferguson v. Lieff, Cabraser, Heimann & Bernstein,* 30 Cal.4th 1037, 1046 (2003).  The jury determined that plaintiff was terminated in retaliation for her complaints about working conditions, including patient safety; as both termination claims stem from defendant's violation of public policy, it is appropriate to punish defendant only once, in the total amount of $31,250,000.00 for claims 3 and 4.  As noted, however, the claims for defamation and intentional interference do not overlap; plaintiff is entitled to the punitive damages separately assigned to those claims, $6,250,000.00 and $18,750,000 respectively.

Good cause appearing, the court ENTERS the following judgment:

The court ORDERS, ADJUDGES, AND DECREES that judgment is entered in favor of plaintiff Ani Chopourian and against defendant Catholic Healthcare West, in the following amounts:

- Title VII (claims 1-2): $300,000.00
- Total economic damages (claims 3-5):  $3,730,488.00
- Noneconomic damages (claims 3-6):  $22,000,000.00
- Punitive Damages (claims 3-6):  $56,250,000.00
- Meal and Rest Period Wages (claim 7):  $32,716.80
- 30 Day Penalty (claim 7): $17,280.00

Judgment is entered in favor of plaintiff Ani Chopourian and against defendant Catholic Healthcare West in the total amount of $82,330,484.80.

DATED:  April 30, 2012.

UNITED STATES DISTRICT JUDGE