1  RAYMOND A. CARDOZO, STATE BAR NO. 173263
   rcardozo@reedsmith.com
2  MARGARET A. GRIGNON, STATE BAR NO. 76621
   mgrignon@reedsmith.com
3  PAUL D. FOGEL, STATE BAR NO. 70859
   pfogel@reedsmith.com
4  REED SMITH LLP
   101 Second Street, Ste. 1800
5  San Francisco, CA 94105
   Telephone:    (415) 543-8700
6  Facsimile:    (415) 391-8269

7  JUDITH CLARK MARTIN, STATE BAR NO. 173557
   MARY E. "MOLLY" GREENE, STATE BAR NO. 186205
8  LA FOLLETTE, JOHNSON,
   DE HAAS, FESLER & AMES
9  655 University Avenue, Suite 119
   Sacramento, California 95825
10 Phone:      (916) 563-3100
   Facsimile:  (916) 565-3704
11 Email:      JCMartin@ljdfa.com
   Email:      RWestfall@ljdfa.com
12
   Attorneys for Defendant,
13 CATHOLIC HEALTHCARE WEST dba
   MERCY GENERAL HOSPITAL (erroneously
14 sued and served herein as CATHOLIC HEALTHCARE
   WEST and MERCY GENERAL HOSPITAL)
15

16                    UNITED STATES DISTRICT COURT
17
                     EASTERN DISTRICT OF CALIFORNIA
18

19 ANI CHOPOURIAN,                    )  CASE NO.  2:09-CV-02972-KJM-KJN
                                      )
20            Plaintiff,              )  **JOINT MOTION FOR ORDER VACATING**
                                      )  **JUDGMENT PURSUANT TO**
21       v.                           )  **SETTLEMENT (Fed. R. Civ. P. 60(b)(5))**
                                      )  **AND FOR ORDER DISMISSING ACTION**
22 CATHOLIC HEALTHCARE WEST,          )  **(Fed. R. Civ. P. 41(a)(2))**
   MERCY GENERAL HOSPITAL, AND        )
23 DOES 1 through 20, inclusive,      )  **The Honorable Kimberly J. Mueller**
                                      )
24            Defendants.             )
                                      )
25                                    )
                                      )
26                                    )
                                      )
27 _____)
28

JOINT MOTION FOR ORDER VACATING JUDGMENT PURSUANT TO SETTLEMENT (Fed. R. Civ. P. 60(b))
AND FOR ORDER DISMISSING ACTION (Fed. R. Civ. P. 41(a)(2))

US_ACTIVE-111082575.4

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1    As the Court is aware from the parties' Joint Submission on November 9, 2012, the parties

2    have settled this matter and are in the process of finalizing the details of the settlement.  In

3    accordance with the settlement, the parties have agreed to move the Court to vacate the judgment—

4    the judgment is not final as to this Court because of the pending posttrial motions—and plaintiff has

5    agreed to request voluntary dismissal of the action, with prejudice.  The parties therefore jointly

6    move the Court for an order incorporating that motion and request.  A Proposed Order is attached.

7

8    **Joint Motion to Vacate Judgment Pursuant To Fed. R. Civ. P. 60(b)**.  Federal Rule of

9    Civil Procedure 60(b)(5) permits a district court, "[o]n motion and just terms," to "relieve a party or

10   its legal representative from a final judgment, order, or proceeding" for specified reasons, including

11   that "(5) the judgment has been satisfied, released, or discharged . . . or applying it prospectively is

12   no longer equitable; or [¶] (6) [for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-

13   (6).  Rule 60(b) vests district courts with "equitable discretion when reviewing [their] own

14   judgments." *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998).

15   When considering whether an order vacating a judgment, or "vacatur," is appropriate, district courts

16   employ an "equitable balancing" test under which they are tasked with assessing "whether to vacate

17   [their] judgment in light of 'the consequences and attendant hardships of dismissal or refusal to

18   dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed

19   disputes.'" [1] *Id.* at 1168 (quoting *Diley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995)).

20   Here, applying Rule 60(b)'s equitable balancing test and given the circumstances that

21   prompted the parties' joint request, vacatur is appropriate.  The parties have settled and have agreed

22   to request the Court to vacate the judgment.  That request is appropriate because the judgment is not

23   final as to this Court and the posttrial motions are still pending and potentially could have resulted in

24   setting the judgment aside entirely or altering its terms substantially.

[1]    *American Games* makes clear that Rule 60(b)'s "equitable balancing" test  governs when a
district court is considering whether to vacate its own judgment, and that the "exceptional
circumstances" test applied by an appellate court to requests for vacatur of a lower court's judgment
is not applicable.  *Id.* at 1168-70 ("[g]iven the fact-intensive nature of the inquiry required, it seems
appropriate that a district court should enjoy greater equitable discretion when reviewing its own
judgments than do appellate courts operating at a distance.").

JOINT MOTION FOR ORDER VACATING JUDGMENT PURSUANT TO SETTLEMENT (Fed. R. Civ. P. 60(b))
AND FOR ORDER DISMISSING ACTION (Fed. R. Civ. P. 41(a)(2))

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

1    First, the fact that the Court has not yet ruled on the posttrial motions weighs in favor of

2  vacatur.  *See Click Entertainment, Inc. v. JYP Entertainment Co., Ltd.*, Case No. 07-00342, 2009

3  WL 3030212, *3 (D. Haw. Sept. 22, 2009) (fact that posttrial motions were pending and judgment

4  subject to posttrial review favored vacatur).

5    Second, because the judgment arises from a jury verdict, there is no risk that vacating it will

6  alter this Court's precedent.  *See In re Apollo Group Inc. Securities Litigation*, Case No. 04-2147,

7  2012 WL 1378677, *10 (D. Ariz. April 20, 2012) ("Further, concerns that are normally prevalent in

8  considering whether to vacate a judgment, such as removing precedent from case law are not present

9  here.  The Judgment, which represents the jury verdict, does not itself vary precedential value that

10  would facilitate the resolution of disputes in future cases.").

11    Third, the parties are aware of no third parties whose interests would be affected by an order

12  vacating the judgment.  *See White v. Shen*, Case No. 09-0989, 2011 WL 2790475, *2 (N.D. Cal. July

13  11, 2011) (court was unaware of any case that might implicate the issues litigated, so risk that future

14  courts might have to consider anew issues already litigated was a "somewhat neutral" factor); *cf.*

15  *Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 769 F. Supp. 2d 1065, 1069 (E.D. Tex. 2011) (vacatur

16  of judgment invalidating patent was inappropriate in part because "[t]here [wa]s a real chance that

17  other parties … w[ould] become involved in litigation over the patent.").

18    Finally, the fact that both parties are jointly requesting vacatur as part of a settlement that

19  resolves their dispute weighs in favor of vacatur.  *Click Entertainment*, 2009 WL 3030212, at *2

20  ("vacating the Verdict and Amended Judgment was contemplated as part of settlement (though not

21  made a condition of settlement), and thus the Court should, where appropriate, support the

22  negotiations and terms of settlement"); *White*, 2011 WL 2790475, *2 ("I conclude that that the

23  overriding factor is the beneficial effect of the settlement on the parties, especially on the defendant

24  concerned about bankruptcy absent a settlement.  This outweighs the other factors I have

25  considered.").

26    For these reasons, an order vacating the judgment pursuant to the parties' joint motion is

27  warranted.

28

**Plaintiff's Request for Voluntary Dismissal of Action Pursuant To Fed. R. Civ. P. 41(a)(2).**  As part of the settlement, plaintiff has agreed to a voluntary dismissal of the action with prejudice.  At this stage of a case, under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2).  "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.*  There are no other claims, counterclaims, or other pending proceedings that would affect or impede a dismissal with prejudice, and plaintiff is agreeable to that disposition. Accordingly, good cause exists for an order granting the request for a with prejudice dismissal.

The parties appreciate the Court's assistance in facilitating the settlement, and ask that the Court enter the order as proposed forthwith.


Dated:  November30, 2012.                  Respectfully submitted,

                                           LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES

                                           REED SMITH LLP

                                           By:  _____/s/ Raymond A. Cardozo_____
                                                 RAYMOND A. CARDOZO

                                           Attorneys for Defendant CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL (erroneously sued and served herein as CATHOLIC HEALTHCARE WEST and MERCY GENERAL HOSPITAL)


Dated:  November30, 2012                   BOHM LAW GROUP

                                           THE LAW OFFICES OF GREGORY R. DAVENPORT

                                           LAW OFFICE OF ERIKA M. GASPAR

                                           By:  ___/s/ Lawrance A. Bohm_____
                                                 LAWRANCE A. BOHM

                                           Attorneys for Plaintiff Ani Chopourian

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**PROPOSED ORDER**

      GOOD CAUSE APPEARING, and pursuant to the parties' notification to the Court that this matter has settled, the Court grants the parties' Joint Motion For Order Vacating Judgment Pursuant To Settlement (Fed. R. Civ. P. 60(b)) And For Order Dismissing Action (Fed. R. Civ. P. 41(a)(2)). For good cause shown, and in the interests of justice, the Court vacates the Judgment entered on April 30, 2012 and dismisses this action with prejudice.  This Order moots the pending posttrial motions.

      IT IS SO ORDERED.

      Dated:  November __, 2012.

_____

Kimberly J. Mueller
UNITED STATES DISTRICT JUDGE

JOINT MOTION FOR ORDER VACATING JUDGMENT PURSUANT TO SETTLEMENT (Fed. R. Civ. P. 60(b))
AND FOR ORDER DISMISSING ACTION (Fed. R. Civ. P. 41(a)(2))

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

**CERTIFICATE OF SERVICE**

*Ani Chopourian v. Catholic Healthcare West, et al.*
Case No. 2:09-CV-02972-KJM-KJN

I hereby certify that on November 30, 2012, I electronically filed the JOINT MOTION FOR ORDER VACATING JUDGMENT PURSUANT TO SETTLEMENT (Fed. R. Civ. P. 60(b)) AND FOR ORDER DISMISSING ACTION (Fed. R. Civ. P. 41(a)(2)) with the Clerk of the Court of the United States District Court for the Eastern District of California by using the District's CM/ECF system.

All participants in this case are registered CM/ECF users and will be served by the District's CM/ECF system.

Dated:  November 30, 2012.

By:  _____/s/ Raymond A. Cardozo_____
RAYMOND A. CARDOZO

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

JOINT MOTION FOR ORDER VACATING JUDGMENT PURSUANT TO SETTLEMENT (Fed. R. Civ. P. 60(b))
AND FOR ORDER DISMISSING ACTION (Fed. R. Civ. P. 41(a)(2))