RAYMOND A. CARDOZO, STATE BAR NO. 173263
rcardozo@reedsmith.com
MARGARET A. GRIGNON, STATE BAR NO. 76621
mgrignon@reedsmith.com
PAUL D. FOGEL, STATE BAR NO. 70859
pfogel@reedsmith.com
REED SMITH LLP
101 Second Street, Ste. 1800
San Francisco, CA 94105
Telephone:     (415) 543-8700
Facsimile:      (415) 391-8269

JUDITH CLARK MARTIN, STATE BAR NO. 173557
MARY E. "MOLLY" GREENE, STATE BAR NO. 186205
LA FOLLETTE, JOHNSON,
DE HAAS, FESLER & AMES
655 University Avenue, Suite 119
Sacramento, California 95825
Phone:          (916) 563-3100
Facsimile:      (916) 565-3704
Email: JCMartin@ljdfa.com
Email: RWestfall@ljdfa.com

Attorneys for Defendant,
CATHOLIC HEALTHCARE WEST dba
MERCY GENERAL HOSPITAL (erroneously
sued and served herein as CATHOLIC HEALTHCARE
WEST and MERCY GENERAL HOSPITAL)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANI CHOPOURIAN, | ) CASE NO.  2:09-CV-02972-KJM-KJN |
| | ) |
| Plaintiff, | ) **JOINT MOTION FOR ORDER VACATING** |
| | ) **JUDGMENT PURSUANT TO SETTLEMENT** |
| | ) **(Fed. R. Civ. P. 60(b)(5)) AND FOR ORDER** |
| v. | ) **DISMISSING ACTION (Fed. R. Civ. P.** |
| | ) **41(a)(2))** |
| CATHOLIC HEALTHCARE WEST, | ) |
| MERCY GENERAL HOSPITAL, AND | ) |
| DOES 1 through 20, inclusive, | ) **The Honorable Kimberly J. Mueller** |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

As the Court is aware from the parties' Joint Submission on November 9, 2012, the parties have settled this matter and are in the process of finalizing the details of the settlement. In accordance with the settlement, the parties have agreed to move the Court to vacate the judgment—the judgment is not final as to this Court because of the pending posttrial motions—and plaintiff has agreed to request voluntary dismissal of the action, with prejudice. The parties therefore jointly move the Court for an order incorporating that motion and request. A Proposed Order is attached.

**Joint Motion to Vacate Judgment Pursuant To Fed. R. Civ. P. 60(b)**. Federal Rule of Civil Procedure 60(b)(5) permits a district court, "[o]n motion and just terms," to "relieve a party or its legal representative from a final judgment, order, or proceeding" for specified reasons, including that "(5) the judgment has been satisfied, released, or discharged . . . or applying it prospectively is no longer equitable; or [¶] (6) [for] any other reason that justifies relief." Fed. R. Civ. P. 60(b)(5)-(6). Rule 60(b) vests district courts with "equitable discretion when reviewing [their] own judgments." *American Games, Inc. v. Trade Products, Inc.*, 142 F.3d 1164, 1170 (9th Cir. 1998). When considering whether an order vacating a judgment, or "vacatur," is appropriate, district courts employ an "equitable balancing" test under which they are tasked with assessing "whether to vacate [their] judgment in light of 'the consequences and attendant hardships of dismissal or refusal to dismiss' and 'the competing values of finality of judgment and right to relitigation of unreviewed disputes.'"[1] *Id.* at 1168 (quoting *Diley v. Gunn*, 64 F.3d 1365, 1370-71 (9th Cir. 1995)).

Here, applying Rule 60(b)'s equitable balancing test and given the circumstances that prompted the parties' joint request, vacatur is appropriate. The parties have settled and have agreed to request the Court to vacate the judgment. That request is appropriate because the

---

[1] *American Games* makes clear that Rule 60(b)'s "equitable balancing" test governs when a district court is considering whether to vacate its own judgment, and that the "exceptional circumstances" test applied by an appellate court to requests for vacatur of a lower court's judgment is not applicable. *Id.* at 1168-70 ("[g]iven the fact-intensive nature of the inquiry required, it seems appropriate that a district court should enjoy greater equitable discretion when reviewing its own judgments than do appellate courts operating at a distance.").

judgment is not final as to this Court and the posttrial motions are still pending and potentially could have resulted in setting the judgment aside entirely or altering its terms substantially.

First, the fact that the Court has not yet ruled on the posttrial motions weighs in favor of vacatur.  *See Click Entertainment, Inc. v. JYP Entertainment Co., Ltd.*, Case No. 07-00342, 2009 WL 3030212, *3 (D. Haw. Sept. 22, 2009) (fact that posttrial motions were pending and judgment subject to posttrial review favored vacatur).

Second, because the judgment arises from a jury verdict, there is no risk that vacating it will alter this Court's precedent.  *See In re Apollo Group Inc. Securities Litigation*, Case No. 04-2147, 2012 WL 1378677, *10 (D. Ariz. April 20, 2012) ("Further, concerns that are normally prevalent in considering whether to vacate a judgment, such as removing precedent from case law are not present here.  The Judgment, which represents the jury verdict, does not itself vary precedential value that would facilitate the resolution of disputes in future cases.").

Third, the parties are aware of no third parties whose interests would be affected by an order vacating the judgment.  *See White v. Shen*, Case No. 09-0989, 2011 WL 2790475, *2 (N.D. Cal. July 11, 2011) (court was unaware of any case that might implicate the issues litigated, so risk that future courts might have to consider anew issues already litigated was a "somewhat neutral" factor); *cf. Ohio Willow Wood Co. v. Thermo-Ply, Inc.*, 769 F. Supp. 2d 1065, 1069 (E.D. Tex. 2011) (vacatur of judgment invalidating patent was inappropriate in part because "[t]here [wa]s a real chance that other parties … w[ould] become involved in litigation over the patent.").

Finally, the fact that both parties are jointly requesting vacatur as part of a settlement that resolves their dispute weighs in favor of vacatur.  *Click Entertainment*, 2009 WL 3030212, at *2 ("vacating the Verdict and Amended Judgment was contemplated as part of settlement (though not made a condition of settlement), and thus the Court should, where appropriate, support the negotiations and terms of settlement"); *White*, 2011 WL 2790475, *2 ("I conclude that that the overriding factor is the beneficial effect of the settlement on the parties, especially on the defendant concerned about bankruptcy absent a settlement.  This outweighs the other factors I have considered.").

For these reasons, an order vacating the judgment pursuant to the parties' joint motion is warranted.

**Plaintiff's Request for Voluntary Dismissal of Action Pursuant To Fed. R. Civ. P. 41(a)(2).** As part of the settlement, plaintiff has agreed to a voluntary dismissal of the action with prejudice. At this stage of a case, under Federal Rule of Civil Procedure 41(a)(2), "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. Proc. 41(a)(2). "Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice." *Id.* There are no other claims, counterclaims, or other pending proceedings that would affect or impede a dismissal with prejudice, and plaintiff is agreeable to that disposition. Accordingly, good cause exists for an order granting the request for a with prejudice dismissal.

The parties appreciate the Court's assistance in facilitating the settlement, and ask that the Court enter the order as proposed forthwith.

Dated:  November 30, 2012.   Respectfully submitted,

LA FOLLETTE, JOHNSON, DE HAAS, FESLER & AMES

REED SMITH LLP

By:   /s/ Raymond A. Cardozo
        RAYMOND A. CARDOZO

Attorneys for Defendant CATHOLIC HEALTHCARE WEST dba MERCY GENERAL HOSPITAL (erroneously sued and served herein as CATHOLIC HEALTHCARE WEST and MERCY GENERAL HOSPITAL)

Dated:  November 30, 2012   BOHM LAW GROUP

THE LAW OFFICES OF GREGORY R. DAVENPORT

LAW OFFICE OF ERIKA M. GASPAR

By:   /s/ Lawrance A. Bohm
        LAWRANCE A. BOHM

Attorneys for Plaintiff Ani Chopourian

# **ORDER**

GOOD CAUSE APPEARING, and pursuant to the parties' notification to the Court that this matter has settled, the Court grants the parties' Joint Motion For Order Vacating Judgment Pursuant To Settlement (Fed. R. Civ. P. 60(b)) And For Order Dismissing Action (Fed. R. Civ. P. 41(a)(2)).  For good cause shown, and in the interests of justice, the Court vacates the Judgment entered on April 30, 2012 and dismisses this action with prejudice.  This Order moots the pending posttrial motions.

IT IS SO ORDERED.

Dated:  December 4, 2012.

_____
UNITED STATES DISTRICT JUDGE